[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: ARBITRATION AWARD
Plaintiff seeks an order confirming an appraisal award of $16,455.00 for damages to defendant's property caused by a freeze-up and resulting rupture of a sprinkler system. CT Page 10407
Defendant has moved for an order vacating, modifying or correcting the award because of claimed irregularities in the appraisal process and violations of the arbitration statutes.
The contract of insurance between the parties provided for an appraisal of loss as follows:
 "If we and you disagree on the value of the property or value of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a Judge of a court having jurisdiction. The appraiser will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding."
It is undisputed that the appraisers met, selected an umpire, examined the premises and agreed on an award of $16,455.00. The parties agree that this process is governed by the arbitration statutes of Connecticut.
Plaintiff claims that all of the matters raised by defendant as to procedural irregularities have been waived because they were not made within thirty (30) days of the award as required by Connecticut General Statutes 52-420 (b) which states:
 "No motion or vacate, modify or correct an award may be made after thirty days from the notice of the award to the party to the arbitration who makes the motion." [emphasis supplied]
Plaintiff claims that award was made on April 5, 1989, however the award [plaintiff's exhibit A] is undated. The evidence showed that the appraisers last meet on April 5, 1989 and one appraiser received payment for his services in June or July of 1989. The appraiser and the umpire testified that none of them sent a copy of the award to the defendant. Further, CT Page 10408 defendant testified that he did not receive a copy of the award, although he became aware of an "offer" to settle for $16,455.00, which he thought was too low.
Connecticut General Statutes 52-416 (b) requires that notice of the award be in writing and given to each party:
 "(b) The amount shall be in writing and signed by the arbitrator or arbitrators, or a majority of them, or by the umpire. Written notice of the award shall be given to each party." [emphasis supplied].
Plaintiff apparently reasons that defendant's apparent knowledge of the amount of loss found by the appraisers was notice of the award. Such a claim is completely untenable in light of the written notice requirement of Connecticut General Statutes 52-416
(b). Defendant's motion to vacate was filed within thirty days of the filing of plaintiff's application to confirm the award. Having raised his claims in a timely fashion, defendant has the burden of proving them.[1] C.F. Wooding Co. v. Middletown Elks Home Corporation, 177 Conn. 484, 486 (1979) states the law in this regard:
 "It is the established policy of the courts to regard arbitration awards with liberality, and every reasonable presumption and intendment in favor of the award and of the arbitrators' acts and proceedings will be made. Hence, the burden rests on the party attacking the award to produce evidence sufficient to invalidate or avoid the award [citations omitted]."
Defendant's claim that the award was not made within the time allowed by Connecticut General Statutes 52-416 (a) is dispositive. The statute states in relevant part:
 (a) If the time within which an award is rendered has not been fixed in the arbitration agreement, the arbitrator or arbitrators or umpire shall render the award within thirty days from the date the hearing or hearings are completed, or, if the parties are to submit additional material after the hearing or hearings, thirty days from date fixed by the CT Page 10409 arbitrator or arbitrators or umpire for the receipt of the material. An award made after that time shall have no legal effect unless the parties expressly extend the time in which the award may be made by an extension or ratification in writing. [emphasis supplied].
There was no evidence as to when the award was rendered or where it was sent. There is no question that the award was not sent to the defendant. Payment of an appraisers bill in June or July of 1989 does not allow the court to infer that the award was rendered within thirty days of April 5, 1989. The mandate of Connecticut General Statutes 52-416 (a) is clear: an award made after the 30 day time limit has no legal effect. The evidence is sufficient to invalidate the award for failure to comply with the mandate of the statute. Principles of waiver or estoppel do not apply with respect to this time period as stated in Tellier v. Zarnowski, 157 Conn. 362, 370 (1969) which construed an earlier version of Connecticut General Statutes 42-416 (a).
There is evidence that the appraisers and umpire met on April 5, 1989 and agreed on an amount. There is no evidence that the award was ever sent or delivered to anyone. Rendition of the award within the thirty day period is a pre-requisite for the arbitrators subject matter jurisdiction. Carr v. Trotta, 7 Conn. App. 272,275 (1986). As there was no such timely award the motion to vacate is granted.
SPEAR, JUDGE