## C. F. Wooding Company v. Middletown Elk's Home Corporation

Cotter, C. J., Loiselle, Bogdanski, Longo and Peters, Js.

Argued April 5—decision released May 8, 1979

*Richard C. Hannan, Jr.,* for the appellant (plaintiff).

*Edward J. Peters Jr.,* with whom, on the brief, was *Russell E. Vile,* for the appellee (defendant).

PER CURIAM. This is an appeal by the plaintiff from an order of the Superior Court confirming an arbitration award. The subordinate facts may be summarized as follows: On May 31, 1977, the defendant sought arbitration in connection with a contractual dispute which had arisen between the parties. A panel of three arbitrators was duly appointed by the American Arbitration Association to consider and decide the dispute.

After hearing testimony and taking evidence, the arbitrators, by letter dated December 14, 1977, directed the parties to file their briefs on or before December 23, 1977. The letter further informed the parties that "[u]pon receipt [of the briefs] . . . [t]he hearing shall then be declared closed in

accordance with Section 35 of the Construction Industry Arbitration Rules, and the Award due 30 days thereafter."[1] The plaintiff, however, did not submit its brief until December 27, 1977, four days after the date set by the arbitrators and to which date the plaintiff had previously agreed. On December 27, 1977, upon receipt of the plaintiff's brief, the arbitrators sent a letter to the parties acknowledging receipt and informing the parties that "by direction of the Arbitrators, the hearings are hereby declared closed and the Award is due within 30 days, or on or before January 26, 1978." The arbitrators' award, dated January 16, 1978, was filed with the American Arbitration Association on January 24, 1978.

Subsequently the plaintiff brought an application in Superior Court seeking to vacate the award on the ground that the award had not been rendered within the period prescribed by § 52-416 of the General Statutes.[2] On March 13, 1978, the defendant filed an application for confirmation of the award, and on April 13, 1978, the court issued an order confirming the award.

On appeal to this court the plaintiff claims that the court erred (1) in finding that the thirty-day period set forth in § 52-416 began to run on December 27, 1977, the date on which the plaintiff's brief

[1] The arbitration provision in the contract between the parties expressly provided that "The arbitration shall be held under . . . the Rules of the American Arbitration Association."

[2] At oral argument the plaintiff conceded that it was not challenging the award on its merits. Its sole objection was its claim that the award had not been rendered within the period prescribed by the statute.

was filed, and (2) in concluding that the arbitrators properly rendered their award within the period prescribed by the statute.[3]

It is the established policy of the courts to regard arbitration awards with liberality, and every reasonable presumption and intendment in favor of the award and of the arbitrators' acts and proceedings will be made. Hence, the burden rests on the party attacking the award to produce evidence sufficient to invalidate or avoid the award. *Gary Excavating Co.* v. *North Haven,* 160 Conn. 411, 413, 279 A.2d 543 (1971); *Von Langendorff* v. *Riordan,* 147 Conn. 524, 527, 163 A.2d 100 (1960).

Section 52-416 provides in pertinent part as follows: "If the time within which an award is rendered has not been fixed in the arbitration agreement, the . . . arbitrators . . . shall render the award within thirty days from the date *the hearing or hearings are completed,* or, if the parties are to submit additional material after the hearing or hearings, thirty days from the date fixed by the . . . arbitrators . . . for the receipt of such material." (Emphasis added.)

Since the agreement of the parties did not specify the time within which the arbitrators' award was to be rendered, the time prescribed by the statute governs. As noted above, the parties were informed by the arbitrators on December 14, 1977, that upon receipt of the parties' briefs, the hearings would be declared closed. On December 27, 1977, upon receipt

[3] The record reveals that at no time during the thirty-day period set by the arbitrators in their letter of December 27, 1977, did the plaintiff object to the manner in which the period was being computed. Not until a month after the filing of the arbitrators' award did the plaintiff claim that the award had not been rendered within the period prescribed by the statute.

of the plaintiff's brief, the arbitrators officially declared the hearings closed and expressly so informed the parties by letter, advising them further that the award would be due within thirty days of that date, i.e., on or before January 26, 1978.

On the basis of the above evidence, we conclude that the trial court did not err in finding that the statutory thirty-day period began to run on December 27, 1977, the date on which the plaintiff filed its brief, and in concluding therefrom that the arbitrators' award, which was rendered on January 24, 1978, was rendered within the period prescribed by the statute.

There is no error.