## James V. Bonner *v.* American Financial Marketing Corporation

Cotter, C. J., Bogdanski, Peters, Healey and Parskey, Js.

Argued April 8—decision released May 27, 1980

*Thomas E. Minogue, Jr.,* for the appellant (defendant).

*L. Douglas Shrader,* with whom was *Amy R. Feran,* for the appellee (plaintiff).

Per Curiam. In this action on a promissory note, after the defendant failed to appear for a deposition, the plaintiff, seeking sanctions pursuant to Practice Book, 1978, § 231, moved that the defendant's special defense be stricken and that the plaintiff's motion for summary judgment and for counsel fees be granted. Instead, the court entered an order of default and three days later, without a motion for judgment as required by Practice Book, 1978, § 364, rendered judgment upon default for the plaintiff. In denying the defendant's subsequent motion to open this judgment, the court erred.

The purpose of the rule requiring the filing of a motion for judgment along with a motion for default is to put the other parties on notice that if

they fail to take any action to protect their interests they risk the entry of a judgment against them. " 'It is fundamental in proper judicial administration that no matter shall be decided unless the parties have fair notice that it will be presented in sufficient time to prepare themselves upon the issue.' *Osterlund* v. *State,* 129 Conn. 591, 596, 30 A.2d 393." *Winick* v. *Winick,* 153 Conn. 294, 298–99, 216 A.2d 185 (1965). The effect of the entry of the default was to preclude the defendant from making any defense to liability in the action. *Kawasaki Kisen Kaisha, Ltd.* v. *Indomar, Ltd.,* 173 Conn. 269, 272, 377 A.2d 316 (1977). This alone, however, did not prevent it from raising defenses, on proper notice, at a hearing in damages. Practice Book, 1978, § 367; *New England Floor Covering Co.* v. *Architectural Interiors, Inc.,* 159 Conn. 352, 356, 269 A.2d 267 (1970). Because the defendant was deprived of appropriate notice and an opportunity to be heard on the question of damages, the court erred in denying the defendant's motion to open the judgment.

There is error, the judgment is set aside and the case is remanded to be proceeded with according to law.