JOHN F. CARR, JR. *v.* NICHOLAS TROTTA
(4017)

BORDEN, SPALLONE and BIELUCH, Js.

Argued February 19—decision released May 6, 1986

*Michael Feldman,* with whom, on the brief, were *Elliot B. Pollack* and *Melvin A. Simon,* for the appellant (defendant).

*Wesley W. Horton,* with whom were *David B. Losee* and, on the brief, *Kimberly A. Knox,* law student intern, for the appellee (plaintiff).

SPALLONE, J. The defendant is appealing from the judgment of the trial court confirming an arbitration award in favor of the plaintiff.

The plaintiff brought this action to confirm the award which was rendered after a hearing on the matter which the defendant did not attend. At the close of the hearing, the arbitrator declared that the hearing would be completed when he received a transcript of the proceedings. The hearing was held on November 26, 1984. The arbitrator received the transcript on December 20, 1984, and he rendered his award on January 18, 1985. The award was made fifty-two days from the date of the hearing but within thirty days of the receipt of the transcript. By application dated January 25, 1985, the plaintiff moved to confirm the award pursuant to General Statutes § 52-417.

At the hearing on the application to confirm the award, the defendant testified and objected to the confirmation of the award. He claimed (1) that he did not receive sufficient notice of the arbitration hearing, (2) that the underlying contract providing for arbitration was cancelled by him, and (3) that the arbitrator did not render his award within thirty days of the comple-

tion of the hearing as is required by General Statutes § 52-416 (a).[1]

The trial court expressly found that the defendant had notice of the hearing and had not cancelled the contract. In addition, the trial court concluded that no motion to vacate the award had been filed by the defendant within thirty days after his receipt of notice of the award, as required by General Statutes § 52-420 (b). On February 27, 1985, the court granted the application and confirmed the award.

On appeal, the defendant claims as error the trial court's conclusion that the arbitrator had the authority to extend the close of an arbitration hearing without the consent of the parties. The defendant claims further that the trial court erred in confirming an arbitration award rendered beyond the statutory deadline prescribed in § 52-420 (b). We find no merit to these claims.

The plaintiff, citing *Vail* v. *American Way Homes, Inc.,* 181 Conn. 449, 452–53, 435 A.2d 993 (1980), *Local 1078* v. *Anaconda American Brass Co.,* 149 Conn. 687, 690–91, 183 A.2d 623 (1962), and *Kilby* v. *St. Paul Ins. Co.,* 29 Conn. Sup. 22, 25–26, 269 A.2d 295 (1970), claims that because the defendant failed to raise his issues on a motion to vacate the award, the trial court properly confirmed the award. We disagree.

The defendant's challenge of the arbitrator's award questions the legality of the award. It is in effect an

---

[1] General Statutes § 52-416 (a) provides: "If the time within which an award is rendered has not been fixed in the arbitration agreement, the arbitrator or arbitrators or umpire shall render the award within thirty days from the date the hearing or hearings are completed, or, if the parties are to submit additional material after the hearing or hearings, thirty days from the date fixed by the arbitrator or arbitrators or umpire for the receipt of the material. An award made after that time shall have no legal effect unless the parties expressly extend the time in which the award may be made by an extension or ratification in writing."

attack upon the jurisdiction of the arbitrator to render an award beyond the thirty-day limit. The question of subject matter jurisdiction may be raised at any time. General Statutes § 52-416 clearly states that "[a]n award made after that time [thirty days after hearings are concluded or thirty days from receipt of additional material] shall have *no legal effect* unless the parties expressly extend the time in which the award may be made by an extension or ratification in writing." (Emphasis added.) This provision can only be interpreted to mean that the arbitrator under those conditions lacks the power to enter an award because he no longer has subject matter jurisdiction. We find these circumstances to be analogous to the situation where the trial judge renders a judgment in excess of 120 days after the close of a trial absent consent or waiver of the parties. See Practice Book § 145; *Gordon* v. *Feldman,* 164 Conn. 554, 556, 325 A.2d 247 (1973); *Bogaert* v. *Zoning Board of Appeals,* 162 Conn. 532, 536, 294 A.2d 573 (1972); *Spelke* v. *Shaw,* 117 Conn. 639, 644, 169 A. 787 (1933). In these cases, the rendering of late judgments was erroneous.

Although we conclude that the defendant has standing to question the arbitrator's power to render an untimely award, we disagree with his assertion that, in this case, the arbitrator's action was untimely. General Statutes § 52-416 (a) provides alternate conditions that trigger the thirty day period. As referenced above, one such alternative provides that the award shall be rendered "within thirty days from the date the hearing or hearings are completed . . . ."

In the present action, the arbitrator declared that he was extending the completion date of the hearing until the date he received a transcript of the proceedings. There is no requirement that he seek the consent of the parties before instituting this procedure. *Frank* v. *Streeter,* 192 Conn. 601, 604, 472 A.2d 1281 (1984); *C.*

*F. Wooding Co.* v. *Middletown Elk's Home Corporation,* 177 Conn. 484, 486–87, 418 A.2d 904 (1979). Although we have no cases to guide us, it is apparent to us that we should test the arbitrator's decision by whether it was reasonable, under the circumstances in this case, to extend the completion date of the hearing until the transcript was to be received. We conclude that a transcript aids the trier in the same manner as a brief does, and that it is wholly consistent with good trial practice, when the trier feels the need, to request a transcript of the proceeding before rendering the decision. Our Supreme Court has affirmed the declaration of an arbitrator that the hearing would be closed upon the receipt of briefs. *C. F. Wooding Co.* v. *Middletown Elk's Home Corporation,* supra.

Here, there has been no showing that the request for a transcript was made for the purpose of delay, nor has there been any indication of prejudice to the defendant. The reliance of the dissent on a showing of prejudice to the defendant, arising from the late submission of the bill for legal fees, is inexplicable in this case. Although at the beginning of his brief in this court, the defendant makes an unsubstantiated, and subsequently unargued, assertion that he was "prejudiced by the extension of the hearing, the posthearing admission of evidence and the untimely award," at oral argument in this court he specifically disclaimed any prejudice to him flowing from the claimed statutory violation which is the basis of his appeal. Moreover, even if there were such prejudice, it would only extend to the award of $1184.39 in legal fees, which we note is less than 10 percent of the entire award. The dissent would have the tail wag the dog.

The gist of the defendant's appeal is not that the arbitrator erred by permitting the legal fees for the arbitration proceeding to be submitted late. It is, instead, that the arbitrator had no power to extend the hear-

ing termination date to the receipt of the transcript. Yet, even if the defendant had notice of that action of the arbitrator, it would not have helped him in any way. Short of claiming an inaccuracy in the transcript, which he does not claim and which, considering his voluntary absence from the hearing, he is in no position to claim, there would have been nothing that he could have done at that point to protect his interests any further.

Thus, the reliance of the dissent on *Bonner* v. *American Financial Marketing Corporation,* 181 Conn. 57, 434 A.2d 323 (1980), is inapt. First, in *Bonner*, the defendant had appeared in the case, the default was entered for failure to appear at a deposition, and the court entered the default and a subsequent judgment without any such motions before it and without, therefore, any prior notice to the defendant. Second, *Bonner* is based on a specific rule of practice requiring a motion for judgment to be filed following a default. Third, as *Bonner* indicates, the "effect of the entry of the default was to preclude the defendant from making any defense to liability in the action," and even after a default the defendant would have been entitled, at a hearing in damages, to raise prior defenses. Id., 58. No such considerations are present in this case.

We hold that the arbitrator had the authority to declare that the hearing would be deemed completed upon his receipt of the transcript. See *Frank* v. *Streeter,* supra; *C. F. Wooding Co.* v. *Middletown Elk's Home Corporation,* supra.

The decision of the trial court to confirm the award is correct, but not for the reason that the defendant failed to file a motion to vacate. As we concluded above, the defendant had standing to question the subject matter jurisdiction of the arbitrator upon the court's consideration of the plaintiff's motion to confirm. Where the trial court reaches a correct decision on incorrect

grounds, that decision will be sustained if correct grounds exist to support it. *Johnny Cake, Inc.* v. *Zoning Board of Appeals,* 180 Conn. 296, 301, 429 A.2d 883 (1980); *Royce* v. *Freedom of Information Commission,* 177 Conn. 584, 588, 418 A.2d 939 (1979); *Favorite* v. *Miller,* 176 Conn. 310, 317, 407 A.2d 974 (1978).

There is no error.

In this opinion, BORDEN, J., concurred.

BIELUCH, J., dissenting. I dissent because I do not agree that the arbitrator's unilateral agreement with the plaintiff without notice to the defendant to close the hearing upon receipt at an indefinite date of a transcript of the hearing permitted an extension of the statutory time for rendering his award. General Statutes § 52-416 (a) provides two alternate periods of limitation. Either the award must be made (1) within thirty days of the completion of the hearing, or (2) within thirty days from the date fixed by the arbitrator for the receipt of additional material to be submitted by the parties after the hearing. The award here was untimely by either standard.

The following facts are relevant: The arbitration hearing was originally scheduled for November 19, 1984. By timely notice to the parties, the hearing was postponed to November 26, 1984. Having been away on vacation, the defendant received notice of the postponement upon his return to the office on the hearing date. Because of a schedule conflict, he did not attend the hearing, but neither did he seek a continuance. A stenographic record of the testimony at the hearing was made upon demand of one of the parties, but the record is silent on his identity. The transcript of the conclusion of the hearing discloses that the following conversation took place between the arbitrator and counsel for the plaintiff:

"[Arbitrator]: Do you have any further questions?

"[Counsel]: No, sir.

"[Arbitrator]: Why don't we consider the hearing closed upon receipt of the transcript and then a decision will be made within the time running from that period.

"[Counsel]: That's fine with me. The contract provides in the event it is necessary to bring some legal proceedings to collect this, for an award of attorney's fees. I don't know whether that is acceptable under the arbitration rules or not. I couldn't find it. But, if I may, what I will do is before the week is out, put in a statement of my time through today and ask that you consider that as well, if the rules of the contract allow."

The defendant's consent to the extension of the hearing was neither sought nor obtained. Nor was he informed of the continuance. Further, he was not told that the plaintiff was permitted to submit evidence of legal fees, nor advised that he had the reciprocal right to offer counter evidence.

On January 18, 1985, the arbitrator rendered his award that the plaintiff recover of the defendant $12,828.39.[1] The arbitrator awarded $9100 for the manufacture of the unit under the purchase agreement and $2544 for the design of the defendant's office under the design agreement. Additionally, the arbitrator awarded the plaintiff counsel fees in the amount of $1184.39. The award of attorney's fees was based upon the additional material submitted unilaterally by the plaintiff subsequent to the evidentiary hearing without notice to the defendant or opportunity to contest this element of the award.

---

[1] No allowance appears to have been made in this award for the deposit paid by the defendant to the plaintiff according to the purchase agreement.

The arbitrator's award was rendered fifty-three days after the completion of the evidentiary hearing, but twenty-nine days after the receipt of the transcript. The record does not disclose when the arbitrator received the itemized bill for legal services from the plaintiff. Paragraph two of the terms and conditions of the purchase agreement provides that the "[s]eller shall be reimbursed by the purchaser for all costs of collection including reasonable attorney's fees." Paragraph eight provides for the settlement of any controversy or claim relating to the agreement or its breach by arbitration. Neither the design agreement nor its terms appear in the record before us, but the arbitrator held in his award that its terms do not allow attorney's fees.

General Statutes § 52-416 (a) expresses the legislative policy that arbitration proceedings are to be expedited. Its thirty-day time limitation for the rendition of an award is triggered (1) by the close of the evidentiary hearing, or (2) by the date fixed by the arbitrator for the parties to submit additional material. The defendant neither consented to the open-ended or floating delay in the award caused by the arbitrator's desire for a transcript and the plaintiff's submission of additional material relative to enlargement of his claim seeking attorney's fees, nor had notice thereof. The award was rendered beyond the time limit fixed by § 52-416 (a) and was under its terms, therefore, of "no legal effect."

Relying upon *C. F. Wooding Co.* v. *Middletown Elk's Home Corporation,* 177 Conn. 484, 418 A.2d 904 (1979), the majority makes the following analogy: "[W]e should test the arbitrator's decision by whether it was reasonable, under the circumstances in this case, to extend the completion date of the hearing until the transcript was to be received. We conclude that a transcript aids the trier in the same manner as a brief does, and that it is wholly consistent with good trial practice, when

the trier feels the need, to request a transcript of the proceeding before rendering the decision." *Wooding* is inapposite to the case before us. After the evidentiary hearing in *Wooding,* the arbitrator "directed [both] parties to file their briefs on or before December 23, 1977 . . . [and] further informed the parties that '[u]pon receipt [of the briefs] . . . [t]he hearing shall then be declared closed . . . and the Award due 30 days thereafter.' " Id., 484–85.

The variances in *Wooding* are material and distinct: (1) *both* parties were *notified* of the continuance; (2) the continuance was to a *fixed date;* (3) the continuance was made to allow *both* parties to file supporting briefs; and (4) a brief is supplementary or additional to an evidentiary hearing, whereas a transcript is repetitive of the evidence, duplicative, redundant and unnecessary, except in technical or complex cases. In any event, a continuance for a transcript would have to be made to a *fixed date with notice to both parties.*

The defendant, by his failure to attend the arbitration hearing on November 26, 1984, did not waive or forfeit his due process right to notice of further proceedings in the arbitration process as the majority opinion would conclude. A parallel to the present case may be found in *Bonner* v. *American Financial Marketing Corporation,* 181 Conn. 57, 434 A.2d 323 (1980). In *Bonner,* the trial court entered an order of default and three days later, without a motion for judgment as required by Practice Book § 364, rendered judgment upon default for the plaintiff. On appeal, the Supreme Court found error in the court's denial of the defendant's subsequent motion to open this judgment, stating: "The purpose of the rule requiring the filing of a motion for judgment along with a motion for default is to put the other parties on notice that if they fail to take any action to protect their interests they risk the entry of a judgment against them. ' "It is fundamen-

tal in proper judicial administration that no matter shall be decided unless the parties have fair notice that it will be presented in sufficient time to prepare themselves upon the issue." ' . . . The effect of the entry of the default was to preclude the defendant from making any defense to liability in the action. . . . This alone, however, did not prevent it from raising defenses, on proper notice, at a hearing in damages. Practice Book, 1978, § 367 . . . . Because the defendant was deprived of appropriate notice and an opportunity to be heard on the question of damages, the court erred in denying the defendant's motion to open the judgment." (Citations omitted.) Id., 57–58. Such a situation is presented to us in this appeal. The defendant was deprived of appropriate notice and an opportunity to be heard on the question of awarding attorney's fees to the plaintiff, and that in a situation involving the violation of a statute, General Statutes § 52-416 (a).

The arbitrator erred in continuing the hearing to an indefinite or open date to obtain a transcript of the evidentiary hearing already completed and to allow the plaintiff to furnish additional material substantiating a late claim for attorney's fees, all without notice to the defendant and without his consent or concurrence, and without allowing him an opportunity to be heard on the unnoticed issue of attorney's fees. Even in his award the arbitrator recognized its one-sidedness by denominating it "EX-PARTE AWARD." Under the terms of § 52-416 (a), such an award "shall have no legal effect."

For the foregoing reasons, I dissent.