[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO VACATE ARBITRATION AWARD
The plaintiff, City of Torrington, seeks to vacate an arbitration award rendered in favor of the defendant union, AFSCME, AFL-CIO, Council #4, Local 1303-32. The arbitrator determined that the plaintiff failed to provide John Dubiel, a member of the defendant union, his proper contractual pension benefits. The parties have stipulated to the following factual situation.
John Dubiel, a member of the defendant union and an employee of the plaintiff for thirty-six years, retired from employment on December 31, 1990. Dubiel originally put the plaintiff on notice of his retirement on December 4, 1989. At that time he requested that a lump sum payment of his accumulated sick leave and vacation time be paid to him when he retired. The city paid Dubiel the lump sum in January 1991.
The Pension and Retirement Provisions of the Collective Bargaining Agreement between the parties entitle an employee to a pension benefit equal to a percentage of the employee's final average annual salary. That percentage is two percent per year for the number of years of completed service with the city. The employee's final average salary is computed as the average of the employee's gross annual earnings for his last three years of service.
In calculating Dubiel's final average annual salary, the plaintiff did not include the lump sum payment of accumulated sick leave and vacation as part of his last year of gross annual earnings. As a result, Dubiel's pension benefit was substantially smaller than it would be had the lump sum been included in his last year of gross annual earnings. CT Page 11922
On February 4, 1991 the defendant filed a grievance with the plaintiff claiming that the plaintiff had violated the Collective Bargaining Agreement by failing to include the lump sum payment as part of the employee's last year's gross earnings. The plaintiff denied the grievance. The defendant claimed the matter for arbitration as it is permitted to do under the Collective Bargaining Agreement.
The arbitrator held hearings on June 6, 1991, July 18, 1991, September 10, 1991, and December 6, 1991, where he received documentary and testimonial evidence. Briefs were submitted to the arbitrator by the plaintiff on February 21, 1992, and by the defendant on February 23, 1992. On July 16, 1992 the arbitrator issued an award in favor of the defendant and Dubiel, ordering the plaintiff to recompute the last three years of Dubiel's gross earnings to include the lump sum payment.
On August 17, 1992, the plaintiff filed an application to vacate the arbitration award. On November 5, 1993 the plaintiff filed its brief in support of its motion, and on November 17, 1993 the defendant filed its brief. The plaintiff filed a reply brief on December 12, 1993.
Generally, arbitration awards are upheld and a reviewing court gives deference to an arbitrator's decision since it is favored as a means of settling disputes. Bridgeport v. Conn. Police Dept. Employees,32 Conn. App. 289, 292, 628 A.2d 1336 (1993). "A proceeding to vacate an arbitration award is not a civil action, but is rather a special statutory proceeding." (Citations omitted) Middlesex Ins. Co.v. Castellano, 225 Conn. 339, 344, 623 A.2d 55 (1993). "The trial court lacks any discretion in confirming the arbitration award unless the award suffers from any of the defects described in General Statutes Secs. 52-418
and 52-412." Amalgamated Transit Union v. LaidlawTransit, 33 Conn. App. 1, 4, 632 A.2d 713 (1993), citing Van Langendorff v. Riordan, 147 Conn. 524, 528-29,163 A.2d 100 (1960). CT Page 11923
The plaintiff claims that the arbitrator's award is defective under Gen. Stat. Sec. 52-419 for a number of reasons. One of the plaintiff's claims is that under the mandatory time requirement of Gen. Stat. Sec.52-416 the arbitrator's award has no legal effect because it was untimely. As this issue implicates the court's subject matter jurisdiction; Carr v. Trotta,7 Conn. App. 272, 275, 508 A.2d 799 (1986); and may be dispositive of this case, it will be addressed first.
The defendant argues that Sec. 52-416 does not apply to an arbitration before the Connecticut State Board of Mediation and Arbitration. Instead, the defendant argues that Conn. Gen. Stat. Sec. 31-98
applies to arbitrations before the State Board of Mediation and Arbitration and that this section's time requirement is discretionary.
The Collective Bargaining Agreement provides that a party who is not satisfied with the disposition of a grievance may submit the matter to the permanent arbitrator, provided the dispute concerns the interpretation or application of the agreement. The Agreement specifically names Peter Blum as the permanent arbitrator. The Agreement also provides that "[n]otwithstanding the designation of the permanent arbitrator, either the city or the Union . . . may designate the State Board of Mediation and Arbitration as Arbitrator." Thus, the Agreement provides a choice for parties to bring their disputes before either the designated permanent arbitrator or the State Board of Mediation and Arbitration.
Nothing in the record indicates that this arbitration was brought before the State Board of Mediation and Arbitration. Instead, the record indicates that the permanent arbitrator heard this matter and rendered the arbitration award. The defendant is correct that Section 31-98 applies to matters heard before the State Board of Mediation and Arbitration. However, the defendant's argument that Sec. 31-98 applies to this arbitration is without merit as there is no indication that the parties referred this matter to the State Board of Mediation and Arbitration. Nor is there any evidence that the State CT Page 11924 Board heard this matter or rendered a decision. The arbitration award names the permanent arbitrator as the arbitrator in this case, and the permanent arbitrator's signature appears at the end of the award. The record clearly indicates that the permanent arbitrator heard this matter and rendered the award which is the subject of this dispute.
Section 52-416(a) applies to this matter and provides in pertinent part:
 If the time within which an award is rendered has not been fixed in the arbitration agreement, the arbitrator or arbitrators or umpire shall render the award within thirty days from the date the hearing or hearings are completed, or, if the parties are to submit additional material after the hearing or hearings, thirty days from the date fixed by the arbitrator or arbitrators or umpire for the receipt of the material. An award made after that time shall have no legal effect unless the parties expressly extend the time in which the award may be made by an extension or ratification in writing.
Conn. Gen. Stat. Sec. 52-416(a). The Agreement between the parties has no provision fixing a time within which an award is to be rendered, nor is there any evidence that the parties agreed to confer upon the arbitrator greater temporal latitude than Sec.52-416 provides.
The time requirements of Sec. 52-416 are mandatory when the parties have not agreed to an extension in writing. Marsala v.Valve Corporation, 157 Conn. 362, 368-69, 254 A.2d 469 (1969). Section 52-416 requires that the rendering of an arbitration award and notification of the award both be given within the thirty day period from the date the hearing or hearings are completed. Hayes v. Travelers Indemnity Co., 26 Conn. App. 418,421, 601 A.2d 555 (1992). "The mandate of Conn. Gen. Stat. Sec.52-416 is clear: an award made after the thirty day time limit has no legal effect." Travelers Insurance Co. v. Scrivani, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. CV89 267889 S (December 2, 1993, Spear, J.); see also,Artese v. Allstate Insurance, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. CV90 0273847 S (February CT Page 11925 5, 1992, Spear, J.). In addition, the rendition of an award within the thirty day period is a prerequisite for the arbitrator's subject matter jurisdiction. Carr v. Trotta, supra,7 Conn. App. 275.
The arbitrator's award lists the hearing dates for this matter as June 6, 1991, July 18, 1991, September 10, 1991, and December 16, 1991. The parties have stipulated that the briefs were due postmarked February 24, 1992, and that the plaintiff's brief was dated February 21, 1992 and the defendant's brief was dated February 23, 1992. The arbitrator's award was dated July 16, 1992, well beyond the thirty day requirement of Sec. 52-416. The parties have presented no evidence that there was an express, or even implied, written agreement or ratification to extend the time in which the award could be rendered. Additionally, there is no evidence that the parties agreed to confer upon the arbitrator greater latitude in rendering an award than Sec.52-416 provides.
In certain instances, courts have held that parties may waive the right to object to the timeliness of an award. Capozziv. Liberty Mutual Fire Ins. Co., 32 Conn. App. 250, 257,629 A.2d 424 (1993); see also, Lewis Const. Co., Inc. v. J. Assoc., Inc., Superior Court, Judicial District of New London at New London (July 18, 1991, Teller, J.). In Capozzi the parties knew that the arbitrators would not be meeting until after the expiration of the thirty day period of Sec. 52-416, and received correspondence after the thirty day period had already expired to that effect. Capozzi v. Liberty Mutual Fire Ins. Co., supra, 255. Despite this knowledge and the correspondence, the plaintiff did not object to the timeliness of the award. Id., 255-56. This failure to object to the delayed meetings manifested an agreement that the award would be delayed. Id., 256.
In this case, however, there is nothing in the record to indicate that the plaintiff waived his right to object by failing to object at an earlier point in the proceedings. No evidence has been presented to indicate that parties were aware at any point in the proceedings that the award would be rendered untimely, but failed to object at that time. "[T]here is no indication that the parties waived the thirty . . . day period."Hayes v. Travelers Indemnity Co., supra, 26 Conn. App. 422.
The plaintiff's motion to vacate the arbitrator's award is CT Page 11926 granted because: the award was not rendered within the mandatory time period of Sec. 52-416; the parties did not agree to extend the time period for rendering the award; and the plaintiff did not waive his right to object to the timeliness of the award. For these reasons, the motion to vacate is granted.
PICKETT, J.