[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this arbitration case, the defendant claims that the arbitrator had no subject matter jurisdiction to render an award and the plaintiff contends that the court has no subject matter jurisdiction to consider the defendant's claim. The court agrees with the plaintiff and accordingly grants its application to confirm the award.
 BACKGROUND
The court finds the following facts after a hearing on January 8, 2001.[1] On March 23, 2000, the plaintiff, Yellow Page Consultants, Inc., and the defendant, Regal Carpet Cleaning Company, Inc., entered into a consulting contract in which Yellow Page agreed to review Regal Carpet's advertising practices and advise it how it might reduce its advertising expense. The contract provided that the parties "agree any dispute or claim arising out of this contract shall be settled through binding arbitration administered by the American Arbitration Association (AAA) under its Commercial Arbitration Rules. AAA will render an award in accordance with Connecticut Law in Hartford County, within ninety days of either party filing a demand for arbitration."
It did not take long before a dispute arose between the parties. On April 25, 2000, Yellow Pages filed a demand for arbitration.[2] A hearing was set for August 3, 2000.
On or about August 1, 2000, an attorney for Regal Carpet wrote the arbitrator that Regal Carpet claimed that its contract with Yellow Page was fraudulently induced, that the entire contract, including the arbitration clause, was null and void, and that therefore Regal Carpet would not attend the arbitration session. On the very next day, the arbitrator wrote back, stating that even though Regal Carpet's objection to arbitration was not timely the arbitrator would consider the objection at the hearing the next day. The arbitrator advised, however, that if Regal Carpet failed to appear, the arbitration would proceed ex parte in accordance with commercial arbitration rules.
The hearing did not take place on August 3, 2000. The arbitrator subsequently advised the parties that the hearing would be rescheduled for September 21, 2000. Counsel for Regal Carpet again wrote the arbitrator just prior to the hearing that it would not attend. The arbitrator again replied that he would proceed ex parte in accordance CT Page 1651 with the governing rules. The arbitrator conducted an ex parte hearing on September 21. On October 3, the arbitrator wrote the parties that they could file post-hearing memoranda by October 13 and that he would then render a decision by October 27, 2000.
On October 27, 2000, the arbitrator rendered an award requiring Regal Carpet to pay Yellow Pages the sum of $13,681.98 plus costs. Notice of the award was sent to the parties on that day. Regal Carpet failed to file a motion to vacate, modify, or correct the award within thirty days of this notice. On December 15, 2000, Yellow Page filed an application to confirm the award.
The plaintiff argues that the court should confirm the award because the defendant did not file a timely motion to vacate. The defendant, in a "Motion in Opposition" dated January 8, 2001, argues that the award was neither within the thirty day time limit provided in General Statutes § 52-416(a)[3] or within the ninety day time limit stated in the contract.
 DISCUSSION I.
General Statutes § 52-420(b) provides that "[n]o motion to vacate, modify or correct an award may be made after thirty days from the notice of the award to the party to the arbitration who makes the motion." The Supreme Court has accordingly stated: "[i]f the motion is not filed within the thirty day time limit, the trial court does not have subject matter jurisdiction over the motion." Middlesex Insurance Co. v.Castellano, 225 Conn. 339, 344, 623 A.2d 339 (1993). Thus, under most circumstances, the defendant's January 8, 2001 opposition to the arbitration award, having been filed more than thirty days after the October 27, 2000 award, would be untimely and this court would lack jurisdiction to hear it.
In Carr v. Trotta, 7 Conn. App. 272, 275, 508 A.2d 799, cert. denied,200 Conn. 806, 512 A.2d 229 (1986), however, the Appellate Court held that a claim that the arbitrator did not comply with the distinct thirty day time limit of General Statutes § 52-416(a) goes to the subject matter jurisdiction of the arbitrator and can be raised in court at any time. Because the defendant here makes this precise claim, the court must consider its merits, regardless of when the defendant raised it.
General Statutes § 52-416(a) provides as follows:
 If the time within which an award is rendered has not CT Page 1652 been fixed in the arbitration agreement, the arbitrator or arbitrators or umpire shall render the award within thirty days from the date the hearing or hearings are completed, or, if the parties are to submit additional material after the hearing or hearings, thirty days from the date fixed by the arbitrator or arbitrators or umpire for the receipt of the material. An award made after that time shall have no legal effect unless the parties expressly extend the time in which the award may be made by an extension or ratification in writing.
Initially, it is not clear that the thirty day limit in this statute applies at all in this case because the "time within which an award is rendered has . . . been fixed in the arbitration agreement." See DiamondFertiliser Chemical Corp. v. Commodities Trading International Corp.,211 Conn. 541, 552, 560 A.2d 419 (1989). Even assuming that the thirty day limit applies, however, the arbitrator did not violate it. It is true that the arbitrator entered the award on October 27, 2000, which is more than thirty days after the September 21, 2000 hearing. After the hearing, however, the arbitrator asked the parties to "submit additional material" by October 14, 2000. Thus, the operative deadline became "thirty days from the date fixed by the arbitrator or arbitrators or umpire for the receipt of the material." General Statutes § 52-416(a). The arbitrator's October 27, 2000 award was well within the thirty day period commencing on October 14, 2000 and provided for by § 52-416(a). Accordingly, there is no merit to the defendant's first jurisdictional challenge.
 II.
The remaining issue concerns the time limit found in the contract. As stated, the contract provided that "AAA will render an award in accordance with Connecticut Law in Hartford County, within ninety days of either party filing a demand for arbitration." Given that the plaintiff made a demand for arbitration on April 25, 2000, the ninety day period expired on or about July 24, 2000. There can be no dispute that the October 27 award was untimely under the contract.[4] The question thus becomes whether the defendant can raise this contractual violation without having filed a motion to vacate within the thirty day period prescribed in § 52-420(b).
While this court is bound by the Appellate Court's holding in Carr that a party, at any time, can challenge the failure of an arbitrator to render a decision within the thirty day period expressly provided for in § 52-416(a) because the issue implicates subject matter CT Page 1653 jurisdiction, Carr did not explicitly address whether the same rule applies when an arbitrator exceeds a contractual, rather than a statutory, time limit. There are, in fact, good reasons why Carr should not apply.
Subject matter jurisdiction is "the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong. . . ." (Internal quotation marks omitted.) Doe v. Roe,246 Conn. 652, 661, 717 A.2d 706 (1998). This court clearly has the power to hear and determine cases involving review of arbitration awards. See General Statutes § 52-417. It is hard to see how a violation of a contractual time limit by a private arbitrator could affect this power of the superior court. While it may be that the arbitrator's untimely decision means that he "exceeded [his] powers" under General Statutes § 52-418(a)(4), that ground is one for vacating the award on its merits upon timely filing of a motion to vacate, rather than a matter that deprives the court of all power to decide the case. See DiamondFertiliser Chemical Corp. v. Commodities Trading International Corp., supra, 211 Conn. 551 (claim that arbitrator's award was untimely because § 52-416(a) applied, rather than private arbitration rules, goes to whether the arbitrator exceeded his powers under § 52-418(a)(4)).[5]
Just as the parties cannot waive or consent to subject matter jurisdiction, Jolly, Inc. v. Zoning Board of Appeals, 237 Conn. 184,192, 676 A.2d 831 (1996), violations of private, contractual agreements surely cannot deprive the court of subject matter jurisdiction.
The consequence of holding that the failure of the arbitrator to render a decision within the time frame provided in a contract does not implicate subject matter jurisdiction is that the defendant cannot raise this issue unconstrained by time limits. Rather, the defendant must raise the issue, if at all, within the thirty days provided in General Statutes § 52-420(b). The defendant here did not do so. Accordingly, this court lacks authority to hear this claim.
 CONCLUSION
The court grants the plaintiff's application to confirm the award and denies the defendant's motion in opposition to the application. Judgment shall enter for the plaintiff.
It is so ordered.
Carl J. Schuman Judge, Superior Court