[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR JUDGMENT OF STRICT FORECLOSURE AFTER DEFAULT FOR FAILURE TO RESPOND
The defendants, Frank and Anna Valko, were defaulted, pursuant to Practice Book § 231, now Practice Book (1998 Rev.) § 13-14, by this court, Curran, J., on December 1, 1997, for failure to respond to discovery. The plaintiff has now moved for strict foreclosure.
The plaintiff's motion for strict foreclosure is the next appropriate step and is properly before the court.
Practice Book § 364, now Practice Book (1998 Rev.) § CT Page 957 17-33(b) provides, in pertinent part, that: "Since the effect of a default is to preclude the defendant from making any further defense in the case so far as liability is concerned, the judicial authority . . . may also render judgment in foreclosure proceedings . . . provided the plaintiff has also made a motion for judgment . . ." Practice Book § 369, now Practice Book (1998 Rev.) § 17-33 applies in situations where default was entered pursuant to Practice Book § 231, now Practice Book (1998 Rev.) § 13-14. See Bonner v. American Financial MarketingCorp., 181 Conn. 57, 57-58, 434 A.2d 323 (1980); see also EasternElectronics v. Codenoll Tech., Superior Court, judicial district of Hartford/New Britain at Hartford (October 25, 1994, Mulcahy, J.). The provision that judgment be entered only upon the parties' motion ensures that the other party is put on notice that if they fail to take any action to protect their interests, they risk the entry of judgment against them. Bonner v. AmericanFinancial Marketing Corp., supra, 181 Conn. 57-58.
Pursuant to Practice Book § 376, now Practice Book (1998 rev.) § 17-42, the defendants could have moved to open the default against them. Though default was entered against the defendants over one year ago, they still have not moved to open default.
The motion for judgment of strict foreclosure is properly before the court and is hereby granted.
This matter is continued until Monday, February 8, 1999 at 10:00 a.m. for determination of the debt, value of the property and the law day.
The Court
By Curran, J.