CAS CONSTRUCTION COMPANY, INC. *v.* DAINTY
RUBBISH SERVICE, INC.
(AC 17943)

Hennessy, Pellegrino and Dupont, Js.

Argued May 30—officially released October 10, 2000

*William F. Gallagher*, with whom, on the brief, were
*Cynthia C. Bott* and *Mark A. Balaban*, for the appel-
lant (defendant).

*Brendan T. Flynn*, with whom, on the brief, was
*Lawrence G. Rosenthal*, for the appellee (plaintiff).

*Opinion*

DUPONT, J. This is an appeal by the defendant,
Dainty Rubbish Service, Inc., from the judgment for
the plaintiff, CAS Construction Company, Inc., in the
amount of $31,643.87 plus costs, and from the denial

of its motion to open the judgment. The issue is whether the defendant's motion to open the judgment should have been granted.[1] We reverse the judgment and remand the case to the trial court.

The plaintiff commenced this action against the defendant by writ, summons and complaint on June 18, 1997, seeking damages arising from an alleged breach of an oral contract involving the storage of topsoil. The complaint was returnable on July 8, 1997. On August 7, 1997, the trial court, *Stanley, J.*, issued a notice that the case had been placed on the fast track and that counsel had 180 days from the return date to close the pleadings.[2]

On August 12, 1997, the plaintiff filed a motion for default for failure to plead that was acted on by the court clerk and granted that same day.[3] The notice of the default issued on August 15, 1997. On August 22, 1997, the plaintiff filed a claim for a hearing in damages.[4]

[1] The defendant also claims that the court abused its discretion by denying the defendant's motion for a continuance before proceeding with a hearing in damages. In view of our conclusion that the defendant's motion to open the judgment should have been granted, we need not reach this issue.

[2] In fact, the case took only 184 days from the return date to the date of judgment.

[3] Practice Book § 17-32 (a) provides: "Where a defendant is in default for failure to plead pursuant to Section 10-8, the plaintiff may file a written motion for default which shall be acted on by the clerk upon filing, without placement on the short calendar."

Practice Book § 10-8 provides in relevant part: "Commencing on the return day of the writ, summons and complaint in civil actions, pleadings, including motions and requests addressed to the pleadings, shall first advance within thirty days from the return day, and any subsequent pleadings, motions and requests shall advance at least one step within each successive period of fifteen days from the preceding pleading or the filing of the decision of the judicial authority thereon if one is required . . . ."

[4] Practice Book § 17-32, entitled, "Where Defendant is in Default for Failure to Plead," was amended, effective October 1, 1997, to add a sentence providing that "[a] claim for a hearing in damages or a motion for judgment shall not be filed before the expiration of *fifteen days from the date of notice of issuance of the default under this subsection.*" (Emphasis added.) Practice Book § 17-32 (b). The claim for the hearing in damages in this case, therefore, was not premature on August 22, 1997, when it was filed.

Thereafter, the defendant filed a request to revise on September 2, 1997, which was dated August 25, 1997. The plaintiff's objection to that request was dated August 29, 1997, and also was filed on September 2, 1997. The plaintiff argued in its objection that the defendant was limited to filing an answer.[5] On September 25, 1997, the defendant moved to open the default. The plaintiff filed an objection to this motion on October 6, 1997. The motion to open the default was never decided and, at the time judgment was rendered, it remained pending.[6] According to the plaintiff, the motion to open the default, although scheduled on the short calendar for October 20, 1997, was never marked "ready" by the defendant, and therefore the court marked it "off." Thereafter, on October 27, 1997, the court clerk placed the plaintiff's objection to the motion to open the default on the short calendar, but it also was marked "off" because the plaintiff's counsel was out of state.

The trial court, *Hodgson, J.*, was unaware of the defendant's motion to open the default that had been filed on September 25, 1997, when it sustained the plaintiff's objection to the request to revise on October 14, 1997. In sustaining the objection to the request to revise, the court stated that because "the defendant has not moved to set aside the default but is apparently

---

[5] Practice Book § 10-6 sets out the order for pleadings. Although a defendant's request to revise precedes the filing of an answer to a complaint, the plaintiff's objection to the request to revise assumes that the defendant forfeited any right to a revision because it did not answer the plaintiff's complaint within thirty days of the return date as provided in Practice Book § 10-8. Ordinarily, a motion for default for failure to plead cannot be granted until fifteen days after a request to revise has been denied. See *Brennan* v. *Booth*, 3 Conn. App. 171, 172, 485 A.2d 1358 (1985). Here, the motion for default for failure to plead had already been granted when the defendant filed its request to revise.

[6] The defendant's motion to open the default was filed after its request to revise had been filed but before the plaintiff's objection to the defendant's request to revise had been sustained, and could provide a reason why the motion to open the default should have been granted, had it been decided.

depending on the automatic reopening feature of [Practice Book] § 363A [now § 17-32], it is limited to filing an answer. See *Whalen* v. *Ives*, 37 Conn. App. 7 [654 A.2d 798, cert. denied, 233 Conn. 905, 657 A.2d 645 (1995)]."

On October 24, 1997, the defendant moved to reconsider and reargue the sustaining of the plaintiff's objection to its request to revise in light of the fact that the defendant had moved to open the default, although the trial court was unaware of that fact. The plaintiff filed an objection to the defendant's motion for reconsideration on November 6, 1997. The trial court, *Hodgson, J.*, denied the defendant's motion to reconsider and reargue on November 17, 1997. Defense counsel received notification of the court's denial of the motion to reconsider and reargue the October 14, 1997 decision late in the afternoon on November 18, 1997. The following day, November 19, a hearing in damages proceeded before the trial court, *Stanley, J.*, in spite of the defendant's oral motion for a continuance, and the court rendered judgment for the plaintiff in the amount of $31,643.87 plus costs.

On November 21, 1997, the defendant filed a motion to open the judgment rendered by the court, *Stanley, J.*, and attached an answer to the complaint with four special defenses and a counterclaim. The plaintiff filed an objection to the defendant's motion to open the judgment on December 2, 1997. In its objection, the plaintiff incorrectly stated that the defendant had never filed a motion to open the default. The court, *Stanley, J.*, denied the motion to open the judgment on December 8, 1997. The plaintiff corrected its misstatement in an amended objection to the defendant's motion to open and filed that objection on December 9, 1997. The plaintiff's amended objection, although now correctly stating that the defendant had moved to open the default in September, was filed after the trial court had already sustained the objection, and, therefore, the correction

of this salient fact came too late to have affected the trial court's denial of the plaintiff's motion to open the judgment.

On December 26, 1997, the defendant, without objection from the plaintiff's counsel, moved to reconsider and reargue the December 8, 1997 decision in light of the amended objection, which correctly acknowledged that the defendant had filed a motion to open the default. The trial court, *Stanley, J.,* denied the motion on January 13, 1998. There is no articulation of the trial court's decision, nor could there be, Judge Stanley having died shortly after the motion was denied. On February 23, 1999, however, a motion for rectification was filed by the plaintiff, which was granted by agreement of the parties. The rectification motion was heard by the court, *Gordon, J.,* on July 19, 1999. The parties agree that the court, *Stanley, J.,* which conducted the hearing in damages, indicated that the defendant would be able to move to reargue any potential judgment after the hearing, if done in a timely manner. After the plaintiff presented evidence at the hearing in damages on one of its four counts, upon inquiry by the court, the defendant informed the court that it intended to file a motion to open the expected judgment the next day. The court then indicated that it did not appear necessary for the plaintiff to proceed with evidence on the additional counts. The court, while addressing the defendant's counsel, also stated: "I would hope in the interim you could talk to your client. I don't know what happened between these . . . . But something went wrong here. Maybe you can straighten it out and make everybody happy and avoid the necessity of coming back in for litigation."

The issue that is dispositive of this appeal concerns whether the plaintiff properly claimed the case to the trial list for a hearing in damages. The question is whether the failure of the court to act on the defendant's

motion to open the default prevented the hearing in damages from being properly scheduled.

Although the opening of a judgment properly rendered is a discretionary act of the court; *Automotive Twins, Inc.* v. *Klein*, 138 Conn. 28, 34, 82 A.2d 146 (1951); a judgment improperly rendered, as a matter of law, must be set aside. See *Bonner* v. *American Financial Marketing Corp.*, 181 Conn. 57, 434 A.2d 323 (1980). Whether a court has the power to exercise discretion at all is governed by the statutes and the rules of practice. Because we are concerned with the interpretation of the rules of practice, which interpretation is controlled by the same rules of construction as statutes; *Whalen* v. *Ives*, supra, 37 Conn. App. 11; we are dealing with a question of law rather than a question of the discretion of the court.[7]

A default is an interlocutory ruling that establishes that a plaintiff is entitled to judgment, but requires further proceedings to determine the amount of money due the plaintiff if the action is one for monetary damages. *Segretario* v. *Stewart-Warner Corp.*, 9 Conn. App. 355, 359, 519 A.2d 76 (1986). The entry of a default is an order precluding a defendant from making any further defense with regard to liability and allows a court to proceed, at the request of a party, to a hearing in damages *unless the defendant moves to set aside the default*. *Culetsu* v. *Dix*, 149 Conn. 456, 458, 181 A.2d 116 (1962). Unless proper procedure is followed, a judgment can become void. *Bonner* v. *American Financial Market-*

---

[7] The parties have argued in their briefs that the defendant's motion to open the judgment after the hearing in damages is a motion governed by an abuse of discretion standard. The granting or denial of a motion to open a judgment is discretionary *if* the judgment itself was legally rendered in that it followed a mandatory procedure. Here, we are dealing with the legality of the judgment itself. If an act or decision is beyond the authority or power given by a statute or enactment, discretion is not involved at all. See *Alexander* v. *Retirement Board*, 57 Conn. App. 751, 753 n.3, 750 A.2d 1139, cert. denied, 254 Conn. 902, 755 A.2d 217 (2000).

*ing Corp.*, supra, 181 Conn. 57. In *Bonner*, because the rules of practice required that a motion for judgment be made after a default is ordered, the trial court, without a motion for judgment, improperly render judgment for the plaintiff. Id. Thus, in *Bonner* our Supreme Court concluded that the trial court should have granted the defendant's motion to open the judgment. The court reasoned that the purpose of the rule of practice that required a motion for judgment to follow a motion for default was to put the defendant on notice that if it failed to take any action to protect its interest, it risked the entry of a judgment against it. Id., 57–58. Without that notice to the defendant, the judgment had to be set aside.

A plaintiff may not claim a case to the trial list (a hearing in damages) without first having obtained a default for failure to plead. *Wooding* v. *Zasciurinskas*, 14 Conn. App. 164, 167, 540 A.2d 93 (1988). A hearing in damages cannot be conducted unless there has been compliance with Practice Book § 363, now 17-31.[8] Id. If a judgment is rendered prematurely, it must be set aside if it deprives a party of a right to which there is entitlement under the rules of practice. *New Milford Savings Bank* v. *Jajer*, 52 Conn. App. 69, 84–85, 726 A.2d 604 (1999).

Here, the claim for a hearing in damages was made before the defendant had had an opportunity, as pro-

---

[8] Practice Book § 17-31 provides: "Where either party is in default by reason of failure to comply with Sections 10-8, 10-35, 13-6 through 13-8, 13-9 through 13-11, the adverse party may file a written motion for a nonsuit or default or, where applicable, an order pursuant to Section 13-14. Except as otherwise provided in Sections 17-30 and 17-32, any such motion, after service upon each adverse party as provided by Sections 10-12 through 10-17 and with proof of service endorsed thereon, shall be filed with the clerk of the court in which the action is pending, and, unless the pleading in default be filed or the disclosure be made within ten days thereafter, the clerk shall, upon the filing of a short calendar claim by the moving party, place the motion on the next available short calendar list."

vided for by the rules of practice, to move to open the default that had been granted by the clerk in accordance with Practice Book § 17-32 (a). The defendant's motion to open the default was still pending when the hearing in damages began and when the judgment was rendered after the hearing in damages. The defendant properly moved to open the default, thereby attempting to protect its interest in not having an adverse judgment rendered against it; see *Bonner* v. *American Financial Marketing Corp.*, supra, 181 Conn. 57–58; but the defendant was seemingly unable to even convey to various trial courts the fact that there *was* a motion to open the default that was pending. If the default had been opened, the defendant would have been allowed to answer the plaintiff's complaint and to present its counterclaim, thereby contesting its liability to the plaintiff. We conclude that judgment could not be rendered until the motion to open the default was decided.

We conclude that the judgment for the plaintiff must be reversed and that the case must be remanded for a decision on the defendant's motion to open the default and for appropriate further proceedings.

The judgment is reversed and the case is remanded for further proceedings.

In this opinion the other judges concurred.