VERNON J. LEFTRIDGE, JR. *v.* KENISHA WIGGINS
(AC 33154)

DiPentima, C. J., and Gruendel and Sheldon, Js.

---

[9] See footnote 6 of this opinion.

Argued March 7—officially released June 12, 2012

*Vernon J. Leftridge, Jr.*, pro se, the appellant (plaintiff), filed a brief.

*Kenisha Wiggins*, pro se, the appellee (defendant).

*Opinion*

DiPENTIMA, C. J. The plaintiff, Vernon J. Leftridge, Jr., appeals from the judgment of the trial court modifying his child support obligation from $50 per week to $150 per week. On appeal, the plaintiff argues, inter alia, that he was not served with a copy of the motion to modify, and, therefore, the order modifying his obligation was entered in violation of his due process rights. We agree with the plaintiff and, accordingly, reverse the judgment of the trial court.[1]

---

[1] The plaintiff filed an appeal to this court on February 15, 2011, followed by several amended appeals that include proceedings subsequent to the modification at issue. Because we conclude that the plaintiff was not served properly with the motion to modify that resulted in the increase in his support obligation, we need not consider separately each of the amended appeals.

The record reveals the following facts. On May 19, 2005, the court, *Swienton, J.*, awarded the parties joint custody of their minor son and ordered the plaintiff to pay $50 per week to the defendant, Kenisha Wiggins, as child support. On May 28, 2010, the state of Connecticut, support enforcement services, filed a motion to modify on behalf of the defendant, seeking an increase in the plaintiff's child support obligation. The record reflects a return of service indicating that this motion to modify was served on the plaintiff by abode service at 49 Spring Street, apartment A-2, Hartford, Connecticut, on May 25, 2010. The notice to the plaintiff, along with the order for hearing and summons, likewise indicates that it was served on the plaintiff at the same address, care of Sylvontae Bishop. On July 13, 2010, the family support magistrate, *Richard G. Adams*, ruling on the state's motion to modify, ordered an increase in the plaintiff's child support obligation to $150 per week. On August 24, 2010, the plaintiff filed a motion to modify. On August 26, 2010, the plaintiff filed an "immediate motion to immediately vacate" the support order entered by the family support magistrate. The plaintiff argued, in part, that he had not been served with a copy of the motion to modify and did not receive notice of the July 13, 2010 court date.

The family support magistrate held a hearing on the matter on August 27, 2010. The defendant, Theresa Drew, the support enforcement officer, and David Gage, the deputy chief clerk of the court, were present at this hearing. The plaintiff was not present. Gage stated at the hearing that when the plaintiff came to the clerk's office to see the state's motion to modify, it was not in the file. Gage also stated that subsequent notice of the motion, which was mailed to the plaintiff at the Spring Street address, was returned to support enforcement services as undeliverable.[2] Drew, on behalf of the state,

---

[2] The transcript of the August 27, 2010 hearing reveals the following:
"The Court: But if it was—was this the first time down, right?

explicitly stated that she did not contest the fact that the plaintiff had not been served with the state's motion to modify. On this basis, the family support magistrate indicated that the plaintiff's motion to vacate, which he was treating as a motion to open, was granted "on the ground that proper jurisdiction was never obtained." The family support magistrate accordingly reinstated the original support order of $50 per week.

Before the hearing adjourned, Drew indicated on the record that support enforcement services would re-serve the plaintiff properly with the motion to modify, either by using his post office box or by serving him in person at one of the parties' upcoming court dates. The family support magistrate indicated that the motion to modify would be scheduled at the same time as all other outstanding motions in the case, including the plaintiff's motion to modify.[3] The record reflects that

"[Drew]: This was the first time down, and I think that there was some testimony [the defendant] last knew of [the plaintiff's] address as being the Spring Street address, and so I think we went forward. But we actually have—

"The Court: I would have looked for service to make sure that he'd been served.

"[Drew]: Well, it did show abode service but he's apparently claiming that's not his address.

"The Court: But if there was no motion in the file, I wouldn't have had any way of determining that.

"[Gage]: No, you didn't have that motion in the file. It was not in the file. Two days ago, it was not in the file. When he came to get a copy of it, I could not provide it. There was subsequent notice mailed to [the plaintiff] at the 49 Spring Street address that was returned to support enforcement [services] with a return to sender, undeliverable, person does not live here. So it's not—

"The Court: Now when you—

"[Gage]: It's not only a plausible argument, it seems a very airtight argument that he was not given the proper notice and the due process."

[3] The transcript of the hearing on August 27, 2010 reveals the following:

"The Court: Is there any problem, Ms. Drew, to get this done over again correctly?

"[Drew]: No. In fact, we have a new—we have a copy of the motion for modification and we'll try to re-serve it properly.

"The Court: Okay. You have a good address now?

"[Drew]: Well, I have a [post office] box, but it's my understanding he has filed other motions and has court dates coming up so if we can't serve it at the [post office] box, we'll serve him when he's here. . . .

the court clerk then placed the plaintiff's motion to modify and the state's motion to modify back on the docket to be heard on the same day. A hearing was scheduled to take place before the trial court, *Shluger, J.*, on September 27, 2010.[4]

On that date, the defendant appeared at the hearing. Neither the plaintiff nor a representative from support enforcement services was present. After making a finding of notice as to the plaintiff, the court ordered, inter alia, an increase in the plaintiff's child support obligation to $150 per week, retroactive to May 28, 2010, the date of filing of the state's motion to modify.[5]

The plaintiff next filed a series of motions challenging the September 27, 2010 orders.[6] In these motions the plaintiff claimed that he had not been served with notice of the September 27, 2010 hearing. On February 14, 2011, the court conducted an evidentiary hearing on the plaintiff's motions. At the conclusion of the hearing,

"[Gage]: [W]e press that support enforcement [services] send him certified mail a new motion to modify and that would suffice as the notice since he does have a current appearance and does have motions pending.

"The Court: All right, that's right. Then we wouldn't need to go through the process of personal service. All right. Do you want to suggest the date that you want them to use in that? You're just going to schedule it? Once I do that, you'll schedule the whole thing?

"[Gage]: We're going to use the date that was originally scheduled for his motions.

"The Court: Sure. Okay. All right.

"[Gage]: We might as well hear them all together so she doesn't have to come again and everybody appears once."

[4] The court issued notice of this hearing on September 1, 2010.

[5] The court did not act on the plaintiff's motion to modify on September 27, 2010. The defendant stated at the hearing that the plaintiff had called her and told her that he had not marked his motion ready and would not be attending the hearing. The defendant also indicated that she told the plaintiff that she would be attending the hearing on September 27, 2010.

[6] On November 22, 2010, the plaintiff filed a motion captioned "Immediate Motion to Immediately Vacate Apparent September 27, 2010 Support Order." On December 13, 2010, the plaintiff filed a "Supplemental Motion to Immediately Vacate September 27, 2010 Support Orders." On December 20, 2010, the plaintiff filed a motion captioned "Immediate Motion for Order."

the court indicated that it found the plaintiff's testimony "completely not credible" with regard to notice and denied the plaintiff's motions.[7] On February 15, 2011, the plaintiff filed the present appeal.[8]

On appeal, the plaintiff claims that the support orders of September 27, 2010, were entered in violation of his due process rights, as he had not been served with the motion to modify and, therefore, did not have a meaningful opportunity to be heard.[9] We agree.

We initially note that the plaintiff has a substantial interest in any order that the court may render for the support of his minor child. See *Winick* v. *Winick*, 153 Conn. 294, 297, 216 A.2d 185 (1965). "It is the settled rule of this jurisdiction, if indeed it may not be safely called an established principle of general jurisprudence, that no court will proceed to the adjudication of a matter involving conflicting rights and interests, until all persons directly concerned in the event have been actually

---

[7] With regard to the finding of notice, the court later articulated the basis for the September 27, 2010 support orders as follows:

"1. Prior to the September 27, 2010 hearing, the defendant mother alerted the plaintiff father that she intended to appear in court on September 27, 2010;

"2. The plaintiff father had notice of the September 27, 2010 proceedings, both from the defendant mother's telephone messages and from the court's notice mailed to him on September 1, 2010;

"3. The plaintiff father filed a motion dated September 26, 2010, attempting to postpone the proceedings scheduled for September 27, 2010 . . . ."

[8] We note that the plaintiff did not appear for oral argument before this court on March 7, 2012. When the clerk of court attempted to contact the plaintiff by telephone, he received a message indicating that the voice mail was full.

[9] The plaintiff also argues that the court improperly modified and reentered the order previously vacated by the family support magistrate. The plaintiff contends that the court had no authority to take this action because no appeal was taken from the August 27, 2010 order of the family support magistrate. We disagree with the plaintiff's characterization of the proceedings. As previously stated, on August 27, 2010, the family support magistrate vacated his prior order entered on July 13, 2010. Following a hearing on September 27, 2010, the court entered its own support orders. It did not modify and reenter the order of the family support magistrate.

or constructively notified of the pendency of the proceeding, and given reasonable opportunity to appear and be heard. . . . It is a fundamental premise of due process that a court cannot adjudicate a matter until the persons directly concerned have been notified of its pendency and have been given a reasonable opportunity to be heard in sufficient time to prepare their positions on the issues involved." (Internal quotation marks omitted.) *Pritchard* v. *Pritchard*, 103 Conn. App. 276, 287, 928 A.2d 566 (2007).

We further note that "[o]ur review of the trial court's factual findings is limited to the question of whether the findings are clearly erroneous. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Citation omitted; internal quotation marks omitted.) *Waterview Site Services, Inc.* v. *Pay Day, Inc.*, 125 Conn. App. 561, 566–67, 11 A.3d 692 (2010), cert. denied, 300 Conn. 910, 12 A.3d 1005 (2011).

In the present case, although neither the plaintiff nor a representative of support enforcement services was present at the hearing on September 27, 2010, the court found that the plaintiff had actual notice of the proceedings and increased the plaintiff's support obligation on that date. In its articulation, the court stated that the state's motion to modify was served at the plaintiff's usual place of abode on May 25, 2010. The court also stated that the matter was scheduled for a hearing on August 27, 2010, but was continued by the family support magistrate, at the request of the plaintiff. As stated earlier in this opinion, however, the plaintiff was not present at the hearing on August 27, 2010. On that date, the family support magistrate considered whether the plaintiff had been served properly with a copy of the

motion. At the conclusion of the hearing, the family support magistrate, ruling from the bench, noted that the presumption of proper service had been rebutted. The family support magistrate, therefore, vacated its prior support order "on the ground that proper jurisdiction was never obtained." Drew indicated that support enforcement services would re-serve properly the motion to modify on the plaintiff.[10] On the basis of our review of the entire record, therefore, we conclude that the court's finding that the state's motion to modify was served on the plaintiff on May 25, 2010, was clearly erroneous. See *Waterview Site Services, Inc.* v. *Pay Day, Inc.*, supra, 125 Conn. App. 566–67. We further conclude that by acting on the motion to modify, even though the plaintiff had not been served with a copy of the motion, the court denied the plaintiff his due process right to appear and to be heard. See *Pritchard* v. *Pritchard*, supra, 103 Conn. App. 287–88. Under these circumstances, the court improperly modified the plaintiff's child support obligation from $50 to $150 per week.[11] See generally *Winick* v. *Winick*, supra, 153 Conn. 299.

---

[10] Although Drew stated that support enforcement services would re-serve the motion to modify on the plaintiff, the record indicates that this was not done. By letter dated November 23, 2010, Drew notified the plaintiff as follows: "I attempted to return your call but your voice mail was full. Please be advised that support enforcement had no involvement in the modification hearing that was held by Judge Schluger on 9/27/10. Support enforcement was not aware that the order had been modified again (after the family support magistrate vacated the 5/25/10 modification) until a copy of the new order was sent to our office. The order indicates that Judge Schluger made a finding of notice to you. You may want to consult with an attorney if you have issues with the judge's orders." Drew also testified at a later hearing before the trial court, *Boland, J.*, that support enforcement services did not re-serve the motion to modify on the plaintiff.

[11] We also note that the court's order increasing the plaintiff's child support obligation was made retroactive to May 28, 2010, the date of the filing of the motion to modify. General Statutes § 46b-86 (a) provides in relevant part, however, that "[n]o order for periodic payment of permanent alimony or support may be subject to retroactive modification, except that the court may order modification with respect to any period during which there is a pending motion for modification of an alimony or support order *from the*

The judgment is reversed and the case is remanded with direction to vacate the support orders entered by the court on September 27, 2010.

In this opinion the other judges concurred.

*date of service of notice of such pending motion upon the opposing party pursuant to section 52-50.*" (Emphasis added.)