******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

WELLS FARGO BANK, N.A., TRUSTEE *v.* ROBERT
TREGLIA ET AL.
(AC 36474)

DiPentima, C. J., and Sheldon and Flynn, Js.

*Argued November 13, 2014—officially released March 17, 2015*

(Appeal from Superior Court, judicial district of

Stamford-Norwalk, Genuario, J. [summary judgment; motion to open]; Hon. Kevin Tierney, judge trial referee [motion to cite in a party defendant; strict foreclosure]).

*Ridgely W. Brown*, with whom, on the brief, was *Benjamin Gershberg*, for the appellants (defendant Patrick Treglia et al.).

*Zachary Grendi*, for the appellee (plaintiff).

*Opinion*

FLYNN, J. The defendant Patrick A. Treglia and proposed intervenor Richard Treglia appeal from the judgment of strict foreclosure rendered by the trial court in favor of the plaintiff, Wells Fargo Bank, N.A., as trustee.[1] On appeal, Patrick Treglia claims that the trial court improperly denied his motion to set aside the default entered against him.[2] Additionally, both Patrick Treglia and Richard Treglia claim that the court improperly denied their motion to cite in Richard Treglia as a party defendant. We reverse the judgment of the trial court denying Patrick Treglia's motion to set aside the default and affirm the judgment denying the motion to cite in Richard Treglia as a party defendant.[3]

This appeal arises out of the plaintiff's attempt to foreclose on certain real property located at 181 Fillow Street in Norwalk. On April 25, 2011, the plaintiff instituted an action for foreclosure on the Norwalk property in the Superior Court for the Judicial District of Stamford-Norwalk.[4] The plaintiff's complaint alleged the following facts. The Norwalk property had previously been owned by Edna N. Treglia. On August 29, 2002, Edna Treglia and Robert C. Treglia executed a note in the principal amount of $175,000 in favor of Option One Mortgage Corporation. The note was secured by a mortgage on the Norwalk property. On August 30, 2002, a quitclaim deed was recorded in the Norwalk land records, by which Edna Treglia transferred the entire interest in the Norwalk property to Robert Treglia. Option One subsequently assigned the note and the mortgage to the plaintiff. Edna Treglia died on July 5, 2003, and Robert B. Keyes was appointed as the administrator of her estate.

The plaintiff further alleged in its complaint that the note was in default and that it intended to accelerate the balance due on the note and foreclose on the Norwalk property. The plaintiff named Keyes, as the administrator of Edna Treglia's estate, and Robert Treglia as defendants in the foreclosure action. By virtue of notices of lis pendens recorded on July 17, 2003, September 16, 2003, and October 7, 2004, in the Norwalk land records, the plaintiff also named Michael Treglia and Patrick Treglia as party defendants who also claimed an interest in the property.

Judgment for the plaintiff was ultimately rendered against Keyes, Robert Treglia, and Michael Treglia. They have not appealed from the judgment. Accordingly, the remainder of this opinion will discuss only the relevant facts and claims related to Patrick Treglia and Richard Treglia, who did appeal.

After the plaintiff instituted its foreclosure action, default was entered against Patrick Treglia for failure to plead. On August 10, 2012, the plaintiff moved for summary judgment. On November 5, 2012, Patrick Treg-

lia filed an objection to the plaintiff's motion for summary judgment and an accompanying memorandum of law. On that day, he also filed an answer to the plaintiff's complaint and a motion to set aside the default entered against him for failure to plead. Although Patrick Treglia had filed an answer to the plaintiff's complaint, the clerk did not set aside the default. The court denied Patrick Treglia's motion to set aside the default and granted the plaintiff's motion for summary judgment. On January 11, 2013, the plaintiff filed a motion for a judgment of strict foreclosure. The court rendered judgment of strict foreclosure in favor of the plaintiff. This appeal followed.

I

Patrick Treglia first claims that the trial court improperly denied his motion to set aside the default. He argues that the court improperly conflated the plaintiff's motion for summary judgment with a motion for judgment when it denied his motion to set aside the default entered against him. He asserts that, pursuant to Practice Book § 17-32 (b), the court did not have discretion over his motion and the clerk was required to set aside the default when he filed his answer. We agree.

The following additional facts are necessary for our review of this claim. On October 5, 2011, the plaintiff filed a demand for disclosure of defense, pursuant to Practice Book § 13-19, and a simultaneous motion for default against Patrick Treglia for failure to plead. Practice Book § 13-19 states in relevant part: "In any action to foreclose . . . in which there is an appearance by an attorney for any defendant, the plaintiff may at any time file and serve . . . a written demand that such attorney present to the court . . . a writing signed by the attorney stating whether he or she has reason to believe and does believe that there exists a bona fide defense to the plaintiff's action and whether such defense will be made, together with a general statement of the nature or substance of such defense. If the defendant fails to disclose a defense within ten days of the filing of such demand . . . the plaintiff may file a written motion that a default be entered against the defendant by reason of the failure of the defendant to disclose a defense. . . ." Patrick Treglia did purport to disclose a defense to the plaintiff's foreclosure action pursuant to § 13-19, but the clerk granted the plaintiff's motion to enter default against him.[5]

Particularly relevant to the issue before us, Practice Book § 13-19 further states in relevant part: "If no disclosure of defense has been filed, the judicial authority may order judgment upon default to be entered for the plaintiff at the time the motion is heard or thereafter, provided that in any event a separate motion for such judgment has been filed." Similarly, Practice Book § 17-33 (b) states in relevant part: "Since the effect of a default is to preclude the defendant from making any

further defense in the case so far as liability is concerned, the judicial authority, at or after the time it renders the default . . . may also render judgment in foreclosure cases . . . provided the plaintiff has also made a motion for judgment . . . .''

Practice Book § 17-32 (b), on the other hand, permits a defaulted party to set aside the default under certain circumstances. Practice Book § 17-32 (b) states in relevant part: "If a party who has been defaulted [for failure to plead] . . . files an answer before a judgment after default has been rendered by the judicial authority, the clerk shall set aside the default. If a claim for a hearing in damages or a motion for judgment has been filed, the default may be set aside only by the judicial authority. . . .''

On August 10, 2012, the plaintiff moved for summary judgment. On November 5, 2012, using a "belt and suspenders" approach, Patrick Treglia filed an answer to the plaintiff's complaint and a motion to set aside the default entered against him. In a memorandum of decision dated December 19, 2012, the court denied Patrick Treglia's motion to set aside the default and granted the plaintiff's motion for summary judgment.

In its memorandum of decision, the court provided the following explanation for its decision to deny Patrick Treglia's motion to set aside the default: "The defendant Patrick Treglia argues first that the default must be opened as a matter of right because Connecticut Practice Book section 17-32 requires the clerk to set aside a default entered for failure to plead if the defaulted party files an answer before a judgment after default has been rendered. However, the court finds that it is the second sentence of section 17-32 (b) that controls. 'If a claim for [a] hearing [in] damages or a motion for judgment has been filed, the default may be set aside only by the judicial authority.' In the case at bar the plaintiff filed a motion for summary judgment on August 11, 2012, almost three months before [Patrick Treglia] filed his motion to open the default. . . . Accordingly, the decision of whether or not to open the default is one that is within the court's discretion. In determining whether or not to exercise that discretion the court is guided by Practice Book section 17-42 which states 'a motion to set aside a default when no judgment has been rendered may be granted by the judicial authority for good cause shown.' . . . In the instant case [Patrick Treglia] has offered no credible justification for the failure to plead within the time allowed by law, or for failure to move to open the default within a reasonable time thereafter.'' (Citation omitted.)

On January 9, 2013, Patrick Treglia filed a motion to reargue the court's decision on the plaintiff's motion for summary judgment and his motion to set aside the default. The court granted the motion to reargue. Patrick Treglia argued that, in denying his motion to set

aside the default, the court had improperly conflated a motion for summary judgment with a motion for judgment and that, pursuant to Practice Book § 17-32 (b), the clerk was required to set aside the default. In a memorandum of decision dated February 13, 2013, the court reaffirmed its decision granting the plaintiff's motion for summary judgment and denying Patrick Treglia's motion to set aside the default. In its memorandum, the court stated: "In the case at bar *the motion for summary judgment* would have the same effect against the defaulted defendant as *the motion for judgment*. It was an appropriate procedure for the plaintiff to follow in order to obtain a judgment against [Patrick Treglia]. There does not seem to be any substantive reasons as to why the filing of such a motion by the plaintiff in an effort to bring the litigation to a conclusion should have any lesser impact than the motion for judgment accompanied by an affidavit of debt." (Emphasis added.) The court also cited Practice Book § 17-44, which states in relevant part: "In any action . . . any party may move for a summary judgment at any time . . . ."

On appeal, Patrick Treglia argues that the court improperly conflated a motion for summary judgment with a motion for judgment for the purposes of Practice Book § 17-32 (b). Essentially, he claims that the plaintiff's motion for summary judgment, filed on August 10, 2012, was not a motion for judgment upon default as required by Practice Book §§ 13-19, 17-32 (b), and 17-33 (b) and therefore, pursuant to § 17-32 (b), the clerk was required to set aside the default against him after he filed his answer to the plaintiff's complaint on November 5, 2012. We agree.

We now turn to the applicable standard of review. Ordinarily, "[a] motion to open and vacate a judgment . . . is addressed to the [trial] court's discretion, and the action of the trial court will not be disturbed on appeal unless it acted unreasonably and in clear abuse of its discretion." (Internal quotation marks omitted.) *Gillis* v. *Gillis*, 214 Conn. 336, 340, 572 A.2d 323 (1990). However, in the present case, Patrick Treglia does not claim that the court abused its discretion. Rather, he claims that the court did not have the authority to exercise its discretion at all over his motion. "Whether a court has the power to exercise discretion at all is governed by the statutes and the rules of practice. Because we are concerned with the interpretation of the rules of practice, which interpretation is controlled by the same rules of construction as statutes . . . we are dealing with a question of law rather than a question of the discretion of the court." (Citation omitted.) *CAS Construction Co.* v. *Dainty Rubbish Service, Inc.*, 60 Conn. App. 294, 299, 759 A.2d 555 (2000), cert. denied, 255 Conn. 928, 767 A.2d 101 (2001). Accordingly, our review is plenary. See *Friezo* v. *Friezo*, 281 Conn. 166, 180, 914 A.2d 533 (2007) ("statutory interpretation

involves a question of law over which we exercise plenary review").

The following principles of statutory interpretation also apply to our review of rules of practice. *CAS Construction Co.* v. *Dainty Rubbish Service, Inc.*, supra, 60 Conn. App. 299. "The process of statutory interpretation involves the determination of the meaning of the statutory language as applied to the facts of the case . . . . When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case . . . . In seeking to determine that meaning . . . [General Statutes] § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. . . . We recognize that terms in a statute are to be assigned their ordinary meaning, unless context dictates otherwise . . . ." (Footnote omitted; internal quotation marks omitted.) *Wiseman* v. *Armstrong*, 295 Conn. 94, 99–100, 989 A.2d 1027 (2010). Furthermore, "our rules of practice should be construed harmoniously and not in a way that would render one provision superfluous as a result of the existence of another." *State* v. *Strickland*, 243 Conn. 339, 347–48, 703 A.2d 109 (1997).

In accordance with § 1-2z, we first turn to the relevant language of the rule of practice at issue, Practice Book § 17-32 (b), which states in relevant part: "If a party who has been defaulted [for failure to plead] . . . files an answer before a judgment after default has been rendered by the judicial authority, the clerk shall set aside the default. If a claim for a hearing in damages or a *motion for judgment* has been filed, the default may be set aside only by the judicial authority." (Emphasis added.) Looking to the text of Practice Book § 17-32 (b) and its relationship to the other rules of practice, we must determine whether the term "motion for judgment," as used in Practice Book § 17-32 (b) and applied to the facts of this case, encompasses a motion for summary judgment. We conclude that it does not.

In the present case, default was entered against Patrick Treglia for failure to plead—specifically for failure to disclose a defense after the plaintiff filed a demand for such disclosure pursuant to Practice Book § 13-19 on October 5, 2011. Section 13-19 sets forth the appropriate procedure by which a plaintiff may obtain judgment in foreclosure actions in which a defendant has failed to disclose a defense. Pursuant to § 13-19, when a defendant fails to disclose a defense, the plaintiff may file a motion for default to be entered against

the defendant and "the judicial authority may order *judgment upon default* to be entered for the plaintiff at the time the motion is heard or thereafter, provided that in either event a separate motion for such judgment has been filed. The motions for default and *judgment upon default* may be served and filed simultaneously but shall be separate motions." (Emphasis added.)

Practice Book § 13-19 specifically requires a motion for judgment upon default when a defendant has been defaulted for failure to disclose a defense in a foreclosure action. The plaintiff in the present case, however, filed a motion for summary judgment. A motion for judgment upon default and a motion for summary judgment are different motions. "A judgment upon default . . . is the final judgment in the case which is entered after [a] default and after a hearing in damages." *Automotive Twins, Inc.* v. *Klein*, 138 Conn. 28, 33, 82 A.2d 146 (1951). Thus, a judgment upon default is necessarily predicated on a default by one of the parties to the action for failure to appear or for failure to plead. Summary judgment, on the other hand, is typically sought when all the parties have appeared and filed pleadings and, pursuant to Practice Book § 17-49, is properly rendered when "the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

The limited case law on this issue indicates that summary judgment is not appropriate when the nonmoving party is in default. See *Aetna Casualty & Surety Co.* v. *Jones*, 220 Conn. 285, 295 n.12, 596 A.2d 414 (1991) (declining to address claim that summary judgment should have been granted against one defendant because "a valid default judgment had already been rendered against him at the time that the plaintiff's motion for summary judgment was denied"); *Deutsche Bank National Trust Co.* v. *Ayers*, Superior Court, judicial district of New Britain, Docket No. CV-08-5009166-S, 2011 WL 2611806, *5 (June 7, 2011) (holding that, "to obtain judgment on the basis of default, a party must file a motion for judgment upon default . . . rather than a motion for summary judgment"); *Merrill Lynch Equity Access* v. *Cooper*, Superior Court, Docket No. 228981, 1996 WL 88088, *4 (February 5, 1996) (noting that "[a] motion for summary judgment cannot be treated as a motion for judgment upon the default"); *Ciccarello* v. *Cahill*, Superior Court, judicial district of Middlesex, Docket No. 65497 (August 26, 1992) (7 Conn. L. Rptr. 263) (denying motion for summary judgment because, when defendant is in default, "the proper course of action for the plaintiff is to move for judgment upon default . . . rather than to move for summary judgment"); see also W. Horton & K. Knox, 1 Connecticut Practice Series: Superior Court Civil Rules (2014-2015 Ed.) § 13-19, author's comment, p. 723 ("[a] motion for summary judgment after default is not appro-

priate").

We recognize that Practice Book § 17-44 permits a party "to move for a summary judgment at any time" in any action. However, we are required to construe our rules of practice in a way that does not "render one provision superfluous as a result of the existence of another." *State* v. *Strickland*, supra, 243 Conn. 347–48. To permit a motion for summary judgment in place of a motion for judgment upon default for the purposes of Practice Book §§ 13-19, 17-32 (b), and 17-33 (b) would render § 13-19 meaningless. It would not be necessary to have § 13-19 establish a specific procedure for obtaining judgment through a motion for judgment upon default in a foreclosure action when the defendant is in default if a motion for summary judgment would suffice.

The plaintiff argues that "there is no reason courts should distinguish between motions for judgment and motions for summary judgment in this context." We disagree. Practice Book § 17-32 (b) states that, until a "motion for judgment" is filed by the plaintiff, the defendant has the right to file an answer and have his default automatically set aside. If we were to dispose of the distinction between a motion for judgment and a motion for summary judgment, we would restrict the defendant's ability to open a default and have the case heard on the merits. It is "our expressed policy preference to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his day in court." (Internal quotation marks omitted.) *Coppola* v. *Coppola*, 243 Conn. 657, 665, 707 A.2d 281 (1998). Section 17-32 (b) unequivocally states, and provides notice to litigants, that a motion for judgment is required in order to cut off the defendant's right to automatically open a default. The plaintiff in the present case chose to file a motion for summary judgment and, therefore, Patrick Treglia retained his right to file an answer to the plaintiff's complaint and have his default automatically set aside by the clerk.

We conclude that, under the facts of the present case, a "motion for judgment" for the purposes of § 17-32 (b) does not encompass a motion for summary judgment. We further conclude that, because Patrick Treglia filed an answer to the plaintiff's complaint and the plaintiff never filed a motion for judgment upon default, the clerk, pursuant to § 17-32 (b), was required to set aside the default entered against Patrick Treglia, and there was no need for judicial discretion to be employed. Once the default was opened, the court did not have discretion over Patrick Treglia's motion to set aside the default and improperly denied it. The judgment of strict foreclosure against Patrick Treglia must be reversed and the clerk must set aside the default against him.

II

Patrick Treglia and Richard Treglia claim that the

trial court improperly denied their motion to cite in Richard Treglia as a party defendant. We disagree. The following additional facts are necessary for our resolution of this claim. On February 13, 2013, Richard Treglia filed a motion to intervene in the plaintiff's foreclosure action. In his motion, Richard Treglia alleged that he had an interest in the Norwalk property that would be affected by the outcome of the foreclosure action. The plaintiff objected to the motion to intervene and the court sustained the objection. Thereafter, Patrick Treglia and Richard Treglia filed a motion to cite in Richard Treglia as a party defendant.[6] In their motion, they argued that "[t]he court must exercise its discretionary authority under [General Statutes] § 52-107 to add Richard Treglia as a party Defendant because a 'complete determination (of the case) cannot be had' . . . without his inclusion because he is a part owner of the real property that is at issue in this foreclosure action." The court denied the motion to cite in Richard Treglia as a party defendant. The court articulated several reasons for denying the motion, the first of which was that it had not been properly certified to all parties of record.

On appeal, Patrick Treglia and Richard Treglia argue that, pursuant to § 52-107, the court is required to allow a party to intervene if that party has a direct and immediate interest in the subject matter of the action. They further argue that Richard Treglia has a direct and immediate interest in the foreclosure action because he owns an interest in the Norwalk property.

The court denied the motion to cite in Richard Treglia because it had not been properly certified to all parties of record. The court did not err when it denied the motion on this ground. See *Leftridge* v. *Wiggins*, 136 Conn. App. 238, 245, 44 A.3d 217 (2012) (holding that trial court improperly acted on state's motion to modify when defendant had not been served with copy of motion). On appeal, Patrick Treglia and Richard Treglia argue that, despite their failure to properly certify the motion, the court should have acted *sua sponte* to include Richard Treglia as a party to the foreclosure action because he owns an interest in the Norwalk property. We are not persuaded.

General Statutes § 9-18 states in relevant part: "The judicial authority may determine the controversy as between the parties before it, if it can do so without prejudice to the rights of others . . . . If a person not a party has an interest or title which the judgment will affect, the judicial authority, on its motion, shall direct that person to be made a party." This section permits the court, on its own motion, to make a person a party to an action, as Patrick Treglia and Richard Treglia argue the court should have done in the present case. However, the court is only required to direct that a person be made a party if an interest or title of such person will be affected by the judgment.

"It is well settled that those having an interest in real property who are not joined as parties in litigation affecting that property will not be bound by the court's judgment." *Loricco Towers Condominium Assn.* v. *Pantani*, 90 Conn. App. 43, 49, 876 A.2d 1211, cert. denied, 276 Conn. 925, 888 A.2d 93 (2005); see also *Gill* v. *Shimelman*, 180 Conn. 568, 571, 430 A.2d 1292 (1980) (noting that tenants of buildings served by sewage disposal system would not be bound by judgment in action against development company to correct system because tenants were not joined as parties). Accordingly, if a party owning an interest in foreclosed real estate was not a party to the foreclosure action, he is not bound by the judgment of foreclosure and the foreclosing party cannot enforce it against him. In the present case, the court was not required to direct that Richard Treglia be made a party to the foreclosure action because Richard Treglia, as an omitted party, would not be affected by any judgment of foreclosure the plaintiff might obtain.

Joinder of Richard Treglia was not mandatory in this case.[7] General Statutes § 49-30 expressly states that a judgment of foreclosure against parties owning an interest in the foreclosed property will not be affected if some other parties having an interest in the property are omitted from the foreclosure action. General Statutes § 49-30 states in relevant part: "When a mortgage . . . on real estate has been foreclosed and one or more parties owning any interest in . . . such real estate . . . has been omitted . . . all other parties foreclosed by the foreclosure judgment shall be bound thereby as fully as if no such omission . . . had occurred . . . . Such omission or failure to properly foreclose such party . . . may be completely cured and cleared by deed or foreclosure or other proper legal proceedings to which the only necessary parties shall be the party acquiring such foreclosure title . . . and the party . . . not foreclosed . . . ." Accordingly, we conclude that the court properly denied the motion to cite in Richard Treglia as a party defendant and that it was not required to make him a party on its own motion.

The judgment of strict foreclosure against Patrick Treglia is reversed and the case is remanded with direction to set aside the default entered against him and for further proceedings consistent with this opinion. The judgment is affirmed in all other respects.

In this opinion the other judges concurred.

[1] The plaintiff is the trustee for the Option One Mortgage Loan Trust 2002-6 Asset Backed Certificates, Series 2002-6.

[2] Patrick Treglia titled his motion as a motion to open default. Because a default, and not a judgment after default, was entered against Patrick Treglia in this case, we refer to his motion as a motion to set aside the default. Practice Book § 17-32 (b) states, in relevant part: "If a party who has been defaulted [for failure to plead] . . . files an answer before a judgment after default has been rendered by the judicial authority, the clerk shall set aside the default."

[3] Patrick Treglia also claims that the court improperly rendered judgment

of strict foreclosure in favor of the plaintiff. Because we conclude that the court improperly denied Patrick Treglia's motion to set aside the default, and reverse the judgment in part on that ground, we do not reach this claim.

[4] It is not disputed that the plaintiff commenced a prior foreclosure action on the same property in 2006 and then withdrew it in 2011 after the court denied its third motion for a continuance.

[5] Patrick Treglia does not challenge this entry of default by the clerk.

[6] Robert Treglia joined this motion.

[7] Joinder of a necessary party is mandatory when that party's due process rights are implicated in the action. See *98 Lords Highway, LLC* v. *One Hundred Lords Highway, LLC*, 138 Conn. App. 776, 786, 54 A.3d 232 (2012). Even if we assume, without deciding, that Richard Treglia is a necessary party to the plaintiff's foreclosure action, he has not shown that the plaintiff's or the court's failure to join him as a party will infringe on his due process rights. Furthermore, the omission of Richard Treglia as a defendant in the plaintiff's action does not deprive the court of subject matter jurisdiction. Lack of a necessary party implicates subject matter jurisdiction only when a statute mandates the naming and serving of that party. See *Fong* v. *Planning & Zoning Board of Appeals*, 212 Conn. 628, 637–38, 563 A.2d 293 (1989); *Yellow Cab Co. of New London & Groton, Inc.* v. *Dept. of Transportation*, 127 Conn. App. 170, 176–77, 13 A.3d 690, cert. denied, 301 Conn. 908, 19 A.3d 178 (2011). There is no such statute in the present case.