******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

VERNON J. LEFTRIDGE, JR. *v.* KENISHA WIGGINS
(AC 35726)

DiPentima, C. J., and Beach and Mullins, Js.

*Argued March 2—officially released May 12, 2015*

(Appeal from Superior Court, judicial district of New London, Shluger, J. [appeals from family support magistrate, motion to recuse]; Carbonneau, J. [motion to appoint guardian ad litem].)

*Vernon J. Leftridge, Jr.*, self-represented, the appellant (plaintiff).

*Sean O. Kehoe*, assistant attorney general, with whom, on the brief, was *George Jepsen*, attorney general, for the appellee (state).

*Opinion*

DiPENTIMA, C. J. The self-represented plaintiff, Vernon J. Leftridge, Jr., filed an appeal[1] and seven amended appeals from orders and decisions of family support magistrates and judges of the Superior Court related to an increase in his child support obligation. Prior to oral argument, we dismissed all but three of his appeals. With regard to these remaining appeals, we conclude that the plaintiff failed to address those issues in his brief and therefore has abandoned them. As a result, we affirm the judgments of the trial court.

We previously set forth the following facts and procedural history of this case. "On May 19, 2005, the court, *Swienton, J.*, awarded the parties joint custody of their minor son and ordered the plaintiff to pay $50 per week to the defendant, Kenisha Wiggins, as child support. On May 28, 2010, the state of Connecticut, support enforcement services, filed a motion to modify on behalf of the defendant, seeking an increase in the plaintiff's child support obligation. The record reflects a return of service indicating that this motion to modify was served on the plaintiff by abode service at 49 Spring Street, apartment A-2, Hartford, Connecticut, on May 25, 2010. The notice to the plaintiff, along with the order for hearing and summons, likewise indicates that it was served on the plaintiff at the same address, care of Sylvontae Bishop. On July 13, 2010, the family support magistrate, *Richard G. Adams*, ruling on the state's motion to modify, ordered an increase in the plaintiff's child support obligation to $150 per week. On August 24, 2010, the plaintiff filed a motion to modify. On August 26, 2010, the plaintiff filed an 'immediate motion to immediately vacate' the support order entered by the family support magistrate. The plaintiff argued, in part, that he had not been served with a copy of the motion to modify and did not receive notice of the July 13, 2010 court date.

"The family support magistrate held a hearing on the matter on August 27, 2010. The defendant, Theresa Drew, the support enforcement officer, and David Gage, the deputy chief clerk of the court, were present at this hearing. The plaintiff was not present. Gage stated at the hearing that when the plaintiff came to the clerk's office to see the state's motion to modify, it was not in the file. Gage also stated that subsequent notice of the motion, which was mailed to the plaintiff at the Spring Street address, was returned to support enforcement services as undeliverable. Drew, on behalf of the state, explicitly stated that she did not contest the fact that the plaintiff had not been served with the state's motion to modify. On this basis, the family support magistrate indicated that the plaintiff's motion to vacate, which he was treating as a motion to open, was granted 'on the ground that proper jurisdiction was never obtained.' The family support magistrate accordingly reinstated

the original support order of $50 per week.

"Before the hearing adjourned, Drew indicated on the record that support enforcement services would reserve the plaintiff properly with the motion to modify, either by using his post office box or by serving him in person at one of the parties' upcoming court dates. The family support magistrate indicated that the motion to modify would be scheduled at the same time as all other outstanding motions in the case, including the plaintiff's motion to modify. The record reflects that the court clerk then placed the plaintiff's motion to modify and the state's motion to modify back on the docket to be heard on the same day. A hearing was scheduled to take place before the trial court, *Shluger*, *J.*, on September 27, 2010.

"On that date, the defendant appeared at the hearing. Neither the plaintiff nor a representative from support enforcement services was present. After making a finding of notice as to the plaintiff, the court ordered, inter alia, an increase in the plaintiff's child support obligation to $150 per week, retroactive to May 28, 2010, the date of filing of the state's motion to modify.

"The plaintiff next filed a series of motions challenging the September 27, 2010 orders. In these motions the plaintiff claimed that he had not been served with notice of the September 27, 2010 hearing. On February 14, 2011, the court conducted an evidentiary hearing on the plaintiff's motions. At the conclusion of the hearing, the court indicated that it found the plaintiff's testimony 'completely not credible' with regard to notice and denied the plaintiff's motions." (Footnotes omitted.) *Leftridge* v. *Wiggins*, 136 Conn. App. 238, 240–43, 44 A.3d 217 (2012).

The plaintiff filed an appeal, claiming that the support orders issued on September 27, 2010, violated his due process rights because he had not been served with the motion to modify and did not have a meaningful opportunity to be heard. Id., 243. In our opinion issued on June 12, 2012, we agreed with the plaintiff. We reversed the judgment of the trial court and remanded the case with direction to vacate the support orders entered by the court on September 27, 2010. Id., 246.

On July 25, 2012, the state moved to open the judgment and to reinstate the support orders. It alleged that the plaintiff had represented to the family support magistrates, the Superior Court and the Appellate Court that he had not received proper abode service at 49 Spring Street, apartment A-2, Hartford, for the motion to modify the child support obligation, while simultaneously representing to the housing court, in a separate action, his desire to maintain the use and the occupancy of that address. The state further alleged that the plaintiff, at the time he claimed not to reside at that address, received housing court notices at 49 Spring Street,

apartment A-2, Hartford. The state, therefore, moved to open the August 27, 2010 magistrate order on the basis of fraud or mistake and to reinstate the support payment of $150 per week. The family support magistrate, *Harris T. Lifshitz*, denied this motion on August 9, 2012. In denying the state's motion, Magistrate Lifshitz concluded that the plaintiff had not been served properly, but also made additional findings regarding the merits of the state's case.

Pursuant to General Statutes § 46b-231 (n) and Practice Book § 25a-29, the state appealed from the decision of Magistrate Lifshitz to the Superior Court. On October 9, 2012, Judge Shluger held a hearing and, in accordance with an agreement of the parties, rendered judgment that the plaintiff had been served improperly with the state's motion to open the judgment and vacated the remaining findings by Magistrate Lifshitz. That same day, the state served the plaintiff in hand with its motion to open the August 27, 2010 judgment on the basis of fraud or mistake and to reinstate the support payment of $150 per week. Later that month, the plaintiff moved "to recuse and disqualify" Judge Shluger, alleging an impropriety and an appearance of impropriety.[2]

On April 15, 2013, the family support magistrate, *Sandra Sosnoff Baird*, issued a memorandum of decision[3] finding that the plaintiff fraudulently had misrepresented his address to the detriment of the defendant.[4] Accordingly, Magistrate Sosnoff Baird opened the August 27, 2010 judgment and ordered a new trial. On April 25, 2013, the plaintiff filed an appeal of this decision in the Superior Court.[5] On May 13, 2013, Judge Shluger continued the matter until June 10, 2013, and noted that if the plaintiff failed to attend that proceeding, his appeal would be denied. On May 21, 2013, Magistrate Sosnoff Baird issued an order continuing a hearing until June 25, 2013, and the plaintiff filed an appeal of that continuance in the Superior Court on May 28, 2013. On June 10, 2013, Judge Shluger denied the plaintiff's appeals for failure to prosecute.

On July 2, 2013, Magistrate Sosnoff Baird issued a memorandum of decision increasing the plaintiff's weekly child support from $50 per week to $150 per week based on the child support guidelines. This order was made retroactive to May 25, 2010. The plaintiff also was ordered to pay $30 per week on his child support arrearage resulting from the retroactive modification. The plaintiff filed two appeals from these orders in the Superior Court; the first on July 10, 2013, and the second on July 15, 2013.

On July 8, 2013, Judge Shluger denied the plaintiff's October, 2012 motion to recuse and disqualify himself. The plaintiff later filed a motion to vacate the increased child support and the arrearage order. He also filed a motion requesting that the court appoint the Children Law Center of Connecticut to represent the minor child

in this case.

On January 13, 2014, the court, *Carbonneau, J.*, appointed a guardian ad litem for the minor son and ordered the parties to pay the fees equally. The plaintiff filed an appeal to this court from the appointment of the guardian ad litem for the minor child that same day.

Our detailed recitation of the procedural history of this case following our 2012 opinion is not exhaustive; instead, it provides only the details relevant to the matters pending before this court. The plaintiff filed his appeal on May 14, 2013, followed by seven amended appeals. On April 16, 2014, this court, acting on its own motion, dismissed the original appeal, and the first, fourth, fifth and seventh amended appeals.[6] The second, third and sixth amended appeals remain.

In his second amended appeal, the plaintiff claims that Judge Shluger improperly denied his appeals of Magistrate Sosnoff Baird's April 15, 2013 memorandum of decision and her May 21, 2013 continuance. In his third amended appeal, the plaintiff claims that his motion to recuse and disqualify Judge Shluger was denied improperly.[7] In his sixth amended appeal, the plaintiff claims that Judge Carbonneau improperly appointed a guardian ad litem for the minor son. The plaintiff, however, has failed to brief these issues adequately. Specifically, his brief does not discuss the denial of the appeals from Magistrate Sosnoff Baird, the denial of the motion to recuse and disqualify Judge Shluger, or the July 13, 2014 appointment of a guardian ad litem. Moreover, the plaintiff did not present any argument as to why these orders were improper.[8] "We repeatedly have stated that [w]e are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly." (Internal quotation marks omitted.) *Saint Bernard School of Montville, Inc.* v. *Bank of America*, 312 Conn. 811, 829, 95 A.3d 1063 (2014). The plaintiff, therefore, is not entitled to review of these claims on the merits. We will not speculate or presume error on the part of the trial court on the basis of a brief devoid of any analysis of these claims. See, e.g., *Clelford* v. *Bristol*, 150 Conn. App. 229, 233, 90 A.3d 998 (2014). Accordingly, we affirm the judgments of the trial court with respect to his second, third and sixth amended appeals.

The judgments are affirmed.

In this opinion the other judges concurred.

[1] The plaintiff initially filed this appeal in the Supreme Court, which transferred the matter to this court.

[2] On January 28, 2013, the plaintiff filed another motion to recuse Judge Shluger. This motion remains pending.

[3] Magistrate Sosnoff Baird filed a corrected memorandum of decision on April 17, 2013.

[4] In her memorandum of decision, Magistrate Sosnoff Baird noted that

the plaintiff did not appear at the hearing on the defendant's motion to open. She also found, by clear and convincing evidence, that the plaintiff had resided at 49 Spring Street, apartment A-2, Hartford, on May 25, 2010. In reaching the conclusion that the plaintiff had perpetrated a fraud against the defendant, Magistrate Sosnoff Baird stated: "Based upon the foregoing, this court finds that the plaintiff made a representation on August 27, 2010, that he knew was untrue, which he made with the intent of inducing reliance on the part of the defendant, to her detriment, when the court reduced the child support from $150 weekly to $50 weekly." Finally, she rejected any equitable defense, such as laches or the clean hands doctrine.

[5] Specifically, the plaintiff set forth the following as the reasons for his appeal: "The magistrate lacked jurisdiction over the plaintiff/petitioner custodial parent/father Vernon J. Leftridge, Jr., and [its] decision is erroneous and based on defense fraud. Rulings defective as the petitioner custodial father wasn't present on August 27, 2010 (AC33154). The magistrate abused her discretion & was barred pursuant to res judicata doctrine. See Connecticut Appellate Court June 12, 2012, A.C. 33154 decision terminated in favor of the plaintiff. Decision is bias & same transaction as A.C. 33154."

[6] We also prohibited the plaintiff from filing any further appeals or amended appeals in this matter without filing a motion for permission to file an appeal or amended appeal with the Appellate Court clerk's office.

[7] We are mindful that "[a]lthough denial of a motion to disqualify [a trial court judge] is, in and of itself, an interlocutory order . . . denial of such a motion is appealable in conjunction with the appeal of a final order such as an order of contempt." (Internal quotation marks omitted.) *Hartford Federal Savings & Loan Assn.* v. *Tucker*, 192 Conn. 1, 7–8, 469 A.2d 778 (1984); see also *Blue Cross/Blue Shield of Connecticut, Inc.* v. *Gurski*, 49 Conn. App. 731, 734, 715 A.2d 819 (review of interlocutory ruling must await appeal from final judgment), cert. denied, 247 Conn. 920, 772 A.2d 809 (1998).

[8] "Although we are solicitous of [self-represented] litigants, the rules of practice cannot be ignored completely." *Bove* v. *Bove*, 128 Conn. App. 811, 817, 20 A.3d 31, cert. denied, 302 Conn. 904, 23 A.3d 1244 (2011); see also *Tonghini* v. *Tonghini*, 152 Conn. App. 231, 240, 98 A.3d 93 (2014); *Nowacki* v. *Nowacki*, 129 Conn. App. 157, 163 n.4, 20 A.3d 702 (2011).